# LOUISVILLE AND NASHVILLE RAILROAD COMPANY *v.* TIFT.

*Simmons, C. J.*—1. Where a corporation holds out to the world a person as its general agent, with ostensible authority to act for and bind it as such, other persons dealing with such an agent are not bound by private limitations upon his authority of which they have no notice or knowledge.

2. If such a general agent, in carrying out a contract made by himself for his principal with another who acts upon the faith that the agency is general, employs a subagent to attend to mere matters of detail within the scope of the contract, the principal will be bound by the acts of the subagent thus performed, especially if it appears that these acts were ratified by the general agent himself.

3. A letter written by a general agent relating to matters apparently within the scope of his agency is, when pertinent to the issue under investigation, competent evidence in the trial of an action against the principal, and the party offering the letter may prove the agent's admission that he wrote it.

4. Many of the numerous charges complained of were in some respects erroneous, especially in so far as they intimated opinions as to what had been proved.

5. While the overruling of a motion to nonsuit necessarily implies that in the opinion of the judge the plaintiff may recover upon certain views of the evidence, and while the judge may within appropriate limits state in the hearing of the jury his reasons for his decision, he should not enter upon an extended and argumentative discussion of the merits of the case and in so doing intimate his opinion as to what the verdict should be. Error thus committed necessarily results in the granting of a new trial.　　　　　　　　　　*Judgment reversed.*

Argued November 17,—Decided November 30, 1896.

Action for damages. Before Judge Bower. Dougherty superior court. October term, 1895.

*Van Epps, Ladson & Leftwich,* for plaintiff in error.
*Jesse W. Walters,* by *Harrison & Peeples,* contra.