### 3406.    FARMERS OIL & GUANO CO. *v.* ROSENTHAL & CO.

HILL, C. J.    1. The principle of law is well settled that a contract which is valid on its face can not be held void by showing that one of the parties understood and intended it to be a wagering contract. The evidence must show that this understanding and intention was mutual, to render a contract, otherwise legitimate, invalid on that ground. *Forsyth Mfg. Co.* v. *Castlen,* 112 *Ga.* 205 (37 S. E. 485, 81 Am. St. R. 28); *Stewart* v. *Postal Telegraph Co.,* 131 *Ga.* 31 (61 S. E. 1045, 18 L. R. A. (N. S.) 692, 127 Am. St. R. 205); *Watson* v. *Hazlehurst,* 127 *Ga.* 298 (56 S. E. 459); Embry *v.* Jamison, 131 U. S. 336 (9 Sup. Ct. 776, 33 L. ed. 172); Bibb *v.* Allen, 149 U. S. 481 (13 Sup. Ct. 950, 37 L. ed. 819).

2. Executory contracts for future delivery of personal property which the vendor does not possess or own at the time, but which he expects to obtain by purchase or otherwise before or by the date when the contract is to be executed by delivery of the property, are valid, if at the time of making the contract an actual transfer and sale of the property is contemplated by the parties to the transaction. Clews *v.* Jamieson, 182 U. S. 491 (21 Sup. Ct. 845, 45 L. ed. 1183).

3. Letters written by the president of a corporation, apparently within the scope of his duties and pertinent to the issue under investigation, are admissible in evidence against the corporation. *L. & N. R. Co.* v. *Tift,* 100 *Ga.* 87 (27 S. E. 765); Merchants Bank *v.* State Bank, 10 Wallace, 644 (19 L. ed. 1008).

4. The contentions of the defendant were fully and fairly presented in the charge of the court, and the requests to charge, so far as pertinent and sound, were covered by the general instructions. The evidence strongly supports the verdict, and no reason whatever is shown why another trial should be had.    *Judgment affirmed.*

DECIDED DECEMBER 19, 1911. REHEARING DENIED JANUARY 15, 1912.

Complaint; from city court of Sandersville—Judge Jordan. March 25, 1911.

*John R. Cooper, A. R. Wright,* for plaintiff in error.
*Garrard & Gazan, Evans & Evans,* contra.