7656.  DAWSON PAPER SHELL PECAN COMPANY *v.* MONTEZUMA
FERTILIZER COMPANY.

HODGES, J.  The Montezuma Fertilizer Company sued the Dawson Paper Shell Pecan Company, a corporation, Lowry Brothers Company, a corporation, and J. S. Lowry & Company, a partnership, and J. S. Lowry and M. M. Lowry, the individuals composing the partnership, upon certain notes, signed "Lowry Bros. Co., M. M. Lowry, Sec. and Treas.," and indorsed "J. S. Lowry & Co., per M. M. Lowry," for $2,003.15, bearing interest and attorney's fees thereon.  J. S. Lowry & Company answered that the partnership had dissolved at the time of the creation of the corporation of Lowry Brothers Company, and that at the time of the making of the notes the partnership operated no business; that the indorsement, "J. S. Lowry & Co.," on the notes was the individual act of M. M. Lowry, and not the act of the corporation, and that J. S. Lowry was not liable.  The Dawson Paper Shell Pecan Company, successor (by change of name) to the corporation, Lowry Brothers Company, contended that the notes sued on were not executed by Lowry Brothers Company, nor by any officer or agent of the corporation authorized so to do, and were not the notes of the company. It admitted that M. M. Lowry was the secretary and treasurer of the corporation, but contended that the fertilizer company should have known that he was acting beyond the scope of his authority in signing the notes.  The jury found a verdict in favor of the fertilizer company for $2,003.15, with interest in the sum of $184.83.  Pending the motion for a new trial the fertilizer company renounced and wrote off all of the judgment as against J. S. Lowry & Company and J. S. Lowry.  The motion for new trial being overruled, the Dawson Paper Shell Pecan Company excepted.

1. The notes sued upon were properly admitted in evidence, and were not subject to the objections raised before the trial court.  The objection, raised first in this court, that the notes were not given under the corporate seal, will not be considered.

2. Letters written by the officer of a corporation, apparently within the scope of his duties and pertinent to the issue under investigation, are admissible in evidence against the corporation. *Farmers Oil & Guano Co.* v. *Rosenthal,* 10 *Ga. App.* 416 (73 S. E. 428); *L. & N. R. Co.* v. *Tift,* 100 *Ga.* 87 (27 S. E. 765); Merchants Bank *v.* State Bank, 10 Wall. 644 (19 L. ed. 1008).  There is a presumption of law, where the contrary does not appear, that one occupying the position of secretary and treasurer of a corporation is a proper officer to sign for the corporation;

and the burden is upon the corporation to show the contrary. *Phillips v. Hudson, 9 Ga. App. 779 (72 S. E. 178)*.

3. Exception was taken to the instruction of the court that "an agent's authority would be construed to include all necessary and usual means for effectually executing it; private instructions or limitations not known to persons dealing with a general agent can not effect them." The facts in the case justified this charge, and there is no merit in the exception.

4 There was no error in the following instruction of the court: "If you should find that M. M. Lowry was secretary and treasurer of Lowry Brothers Company, at the time of the buying of the fertilizer and at the time of the signing of the notes for the same, and that this was one transaction and that Lowry Brothers Company received any part of this fertilizer, knowing that the same was ordered by M. M. Lowry, they, Lowry Brothers Company, would be bound to pay for said fertilizer, so ordered and received." It is admitted that M. M. Lowry was secretary and treasurer of the corporation, and the evidence shows that a part of the fertilizer was received by Lowry Brothers Company.

5. When the trial judge, in his general instructions, correctly states the law to the jury, and one of the parties, by a written request, induces the court to charge the contrary of the law, the party making the request will not be heard to say that the charge was misleading, confusing, and prejudicial to his rights. If the two excerpts complained of in the fifth special ground of the motion for a new trial are confusing, the request on the part of the plaintiff in error made the confusion; but, from a careful reading of the entire charge, it can not be said that it was misleading or confusing.

6. Certain excerpts from the charge of the trial judge are excepted to as being contrary to other parts of the charge. Such an exception is not a sufficient assignment of error.

7. A witness was allowed to testify: "He (M. M. Lowry) told me that he had authority to buy guano for the company." Objection was made to this testimony upon the ground that it was illegal, irrelevant, and not binding upon the company, being in the nature of hearsay evidence; it being contended that there was no evidence that M. M. Lowry represented the company or was authorized to make any statement binding on the company, or that he had authority to buy guano for the company. Bearing in mind that the answer of the Dawson Paper Shell Pecan Company admitted that M. M. Lowry was the secretary and treasurer of the defendant company at the time of the making of the notes sued on, this testimony was clearly admissible. The witness testified, without objection, that he had found out the official position of M. M. Lowry, with whom he was dealing, and by his authority the witness shipped goods without investigating as to where they were to be delivered. Knowing the official position of the party with whom he was dealing, it was not incumbent upon the seller's agent to investigate as to where the goods were to be delivered. The declaration of the secretary and treasurer to the witness, after the officer's position had been established, was not hearsay, but was binding upon the company.

8. It was not competent for a witness to testify to the contents of the

charter, by-laws, and minutes of the corporation, and to say that there was nothing in them that gave authority to the secretary and treasurer to bind the company on the notes and contracts. While it was competent for a witness to testify that he had made a search of a certain record-book or books, and that the deed being searched for was not of record, it was not competent for the witness to testify that he was familiar with the charter, by-laws, and minutes of a corporation, and that there was nothing in them that gave authority to a named officer to perform certain duties. This was a question of law, to be passed upon by the trial judge; and in order for the same to have been presented properly before the court, it was the duty of the corporation to produce its charter, minutes, and by-laws, for inspection by the court, so that the judge could say, as a matter of law, whether such authority was or was not vested in the named officer.

9. The letters objected to were admissible in evidence, the same being written by officials of the corporation in answer to letters of the plaintiff, in regard to the payment of the notes, and not containing any offer of settlement or compromise, but on the other hand insisting that the corporation was not liable.

10. Exception is taken to the notice for attorney's fees, upon the ground that the notice did not comply with the law and the statute. As the jury did not find attorney's fees, the plaintiff in error can not complain as to the form of the notice.

11. The court charged the jury: "You could in no event find a verdict against the defendant generally;" and exception is taken to this charge. The court states in a note, "The word 'against', if used, was a lapse;" and this is shown from a reading of the instructions following; from which it is apparent that the jury could not have been misled by this lapsus linguæ.

12. It was not improper to permit an agent of the seller to testify as follows: "When I found out that M. M. Lowry was secretary and treasurer of this company, and had authority to buy goods, I accepted his order without making any investigation as to where the goods were to be delivered." There is no merit in the exception that this testimony was irrelevant, illegal, and not binding on the company.

13. Exceptions are taken because the court charged the jury with reference to J. S. Lowry & Company being accommodation indorsers. Where a plaintiff has voluntarily abandoned and written off the verdict against a party, that party has no right of exception; and J. S. Lowry & Company, a firm composed of M. M. Lowry and J. S. Lowry, are not parties to this bill of exceptions.

14. The verdict is supported by the evidence, and no reversible error appears in the record.    *Judgment affirmed.*

DECIDED DECEMBER 8, 1916. JUDGE HODGES PARTICIPATED IN THE JUDGMENT, BUT WAS PREVENTED BY HIS LAST ILLNESS FROM BEING PRESENT WHEN THE DECISION WAS ANNOUNCED.

Complaint; from city court of Dawson—Judge Edwards. May 31, 1916.

*Yeomans & Wilkinson, R. R. Jones,* for plaintiff in error.

*J. B. Guerry, W. H. Gurr,* contra.