## 11055. LITTLE v. DOLVIN.

JENKINS, P. J. 1. Ordinarily the burden of proof lies upon the plaintiff, who, alleging certain facts to exist, claims a right to recover against the defendant; but when in such a case the defendant comes in and by his plea admits the prima facie case as stated by the petition, and sets up matters in avoidance, then the defendant is the party who asserts the truth of the facts so set up, and the burden in such a case devolves on him to establish the facts so pleaded; failing to do which the plaintiff is, without more, entitled to the verdict. Where the defendant, by his pleadings, has thus admitted a complete prima facie case, and by so doing assumes the burden of proof, he is entitled to open and conclude the argument; and where such right is not waived in terms or by conduct, it is reversible error to deny it, except where the evidence is such as would demand a verdict for the plaintiff.

2. Where the suit was for the purchase-price of a mule sold by the plaintiff to the defendant, and the defendant admitted the purchase at the price sued for, and set up the defense of payment, the fact that the defendant placed the date of purchase a short time prior to that alleged by the plaintiff did not impose upon the plaintiff any burden of showing by proof the subsequent date alleged by him, since, so far as the matter of interest goes, the admission would include the plaintiff's entire contention.

*Judgment reversed, Stephens and Smith, JJ., concur.*
DECIDED MAY 5, 1920.

Complaint; from city court of Greensboro — Judge Brown. October 3, 1919.

*Davison & Lewis,* for plaintiff in error.
*J. G. Faust,* contra.