PERKINS *v.* LEVY *et al.*

PER CURIAM. To constitute a valid marriage in this State, there must be parties able to contract. Civil Code, § 2930. A party to a previous marriage undissolved is a party unable to contract marriage. § 2931. A marriage by such a person is void; but the issue of such marriage, before it is annulled and declared void by a competent court, are legitimate. § 2935. Even where a party to a bigamous marriage is convicted of the offense of bigamy, "the issue of such marriage, born before the commencement of any prosecution for polygamy, . . shall, notwithstanding the invalidity of such marriage, be considered as legitimate." Penal Code, § 369. In the case of *Eubanks* v. *Banks*, 34 *Ga.*

407, this court held that at common law the issue of a bigamous marriage were not illegitimate, "but that the same were legitimate and capable, under the laws of Georgia, to inherit from their half brother, the son of their father by a prior marriage." In the instant case there was no prosecution of the husband for bigamy, and the marriage had never been anulled by any decree of court prior to the birth of the issue of the second marriage. Consequently the court did not err in finding and holding that the defendants, Mrs. Josie Levy and Mrs. Ruby Travis, as well as the plaintiff, W. O. Perkins, were the legitimate children of J. D. Perkins, deceased, and as such entitled to inherit each an undivided one-third interest in the estate of the decedent. In the case of *Curlew* v. *Jones,* 146 *Ga.* 367 (91 S. E. 115), the rights of children were not involved, but the right of the wife under the second marriage to inherit and convey the property of her husband. In the case of *Irving* v. *Irving,* 152 *Ga.* 174 (108 S. E. 540, 18 A. L. R. 88), the question involved was whether the birth of a child of a bigamous marriage, after the execution of a will by its father, would revoke that instrument.                   *Judgment affirmed. All the Justices concur.*

No. 4029.  SEPTEMBER 30, 1924.

Equitable petition.  Before Judge Humphries.  Fulton superior court.  October 26, 1923.

W. O. Perkins brought his equitable petition against Mrs. Josie Levy, Mrs. Ruby Travis, and others, alleging that he was the son and only heir of J. D. Perkins, deceased, and praying for the appointment of a receiver to take possession of all the assets of the estate of J. D. Perkins, and for discovery from Mrs. Levy as temporary administratrix, as to all personal property belonging to the estate of the deceased which she had taken charge of. The two defendants named answered, that Mrs. Levy was the daughter of J. D. Perkins, and Mrs. Travis was his granddaughter, she being the daughter and only child of Clarence Perkins, the son of J. D. Perkins; and that Clarence Perkins died leaving no other children than herself. Mrs. Levy and Mrs. Travis claimed that they were entitled to inherit each an equal interest with the plaintiff in the estate of J. D. Perkins. From a statement of facts agreed upon by the parties it appeared that J. D. Perkins died intestate in Fulton County, Georgia, on March 29, 1923; that he left an estate consisting of personal property; that he and Mattie Richardson Perkins were legally married on or about May 23, 1872; that W. O. Perkins was born of this marriage; that Mattie Richardson Perkins died in the year 1908; that in 1873, soon after the birth of W. O. Perkins, his father and mother separated; that on December 6, 1875, J. D. Perkins married Miss Fannie Sockwell "by virtue of

57

a marriage license issued by the ordinary of Newton County, Georgia;" that as the result of said marriage and during the time said parties were living together as husband and wife, on March 26, 1877, Mrs. Josie Levy was born of this second marriage, and was recognized by J. D. Perkins as his daughter; that on March 18, 1879, a son, Clarence Perkins, now deceased, was born of said last marriage, being recognized as his son by J. D. Perkins; that Mrs. Travis is the daughter and only child of Clarence Perkins, and her father died before his father; and that J. D. Perkins and Mrs. Fannie Perkins were divorced on September 28, 1899. The judge, to whom the case was referred without the intervention of a jury, held that W. O. Perkins and Mrs. Levy and Mrs. Travis each inherited a net undivided one-third interest in the estate of J. D. Perkins; and the petitioner excepted.

*R. R. Jackson,* for plaintiff.

*W. J. Laney, Edgar Latham,* and *Alston, Alston, Foster & Moise,* for defendants.