## 19416. BUTLER *v.* MORGAN, executrix.

STEPHENS, J. 1. Where two owners of adjoining lots of land agree that one will furnish certain material to be used by the other in the construction by him of a party wall between their lots, the furnishing of the material by the first party and the construction of the wall by the second party complete the contract. The party who constructed the wall is therefore under no obligation to take further action to preserve the adjoining landowner's right in the wall, and therefore does not breach the contract by afterwards selling his own lot to a third person without preserving the adjoining landowner's right in the wall either by reserving it in the deed or giving notice thereof to the purchaser. Whether the adjoining landowner's right in the wall as a party wall, where the wall straddles the line between the lots, is lost by virtue of the sale of the other lot, where no reservation of this right has been made by the seller, and where the purchaser has had no notice other than the fact that the wall straddles the dividing line between the lots, it is not necessary to decide. See 30 Cyc. 792 et seq.

2. The testimony of a party to a case must be construed most strongly against him. Where it appears from the pleadings of a party to the litigation and also from his own testimony that he agreed to furnish a certain lot of brick to the opposite party, to be used by the latter in constructing a party wall which would straddle the dividing line between the two lots of land owned respectively by each party, and that only a part of the brick was used in the construction of the wall and that the remaining portion was used by the opposite party, but with the witness's consent, in the construction of other parts of the building which the opposite party was constructing upon his own lot, and where it does not appear from the testimony of the witness that the opposite party had agreed to pay for the brick which was not used in the wall, the witness's testimony, construing it most strongly against him as a party to the case, must be construed as meaning that the entire lot of brick was furnished by the witness in consideration of the opposite party's constructing the party wall.

3. This being a suit upon a promissory note, where the defendant admitted the execution of the note, but pleaded as a set-off an alleged indebtedness due him by the plaintiff for brick furnished by the defendant to the plaintiff, and, under the above rulings, it appearing from undisputed evidence that the plea of set-off was not sustained, the court did not err in directing a verdict for the plaintiff.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED AUGUST 24, 1929.

*Duke Davis,* for plaintiff in error. *L. B. Wyatt,* contra.