20288, 20289. Clark *v.* Western & Atlantic Railroad; and *vice versa.*

Broyles, C. J. 1. Under numerous rulings of the Supreme Court and of this court, an assignment of error based upon the refusal to permit a witness to answer a certain question can not be considered by the reviewing court where it does not appear that the trial court was informed, at the time the ruling was made, what was the expected answer. This ruling disposes of the first assignment of error in the bill of exceptions.

2. The second assignment of error in the bill of exceptions (complaining of the rejection of certain testimony) raises no question for consideration by this court. The last ruling of the trial court upon the admissibility of the evidence was as follows: "I believe I will leave it out *for the present*" (italics ours). Counsel for the plaintiff in error subsequently during the trial should have called the court's attention to the matter and obtained a definite and final ruling upon the admissibility of the evidence, and not have left it, "like Mahomet's coffin, hanging betwixt heaven and earth."

3. "Where a servant sues his master for damages for personal injuries, the burden is on the plaintiff to show not only negligence on the part of the master, but due care on his own part; and it must appear that the plaintiff did not know, and had not equal means of knowing, all that which is charged as negligence, and that by the exercise of ordinary care he could not have known thereof." *Flippin v. Central of Ga. Ry. Co.*, 35 *Ga. App.* 243 (132 S. E. 918), and cit.

4. The testimony of a party who offers himself as a witness in his own behalf is to be construed most strongly against him (*Gardner* v. *Smith*, 39 *Ga. App.* 224 (4), 146 S. E. 648). Especially is this true where the testimony is "self-contradictory, vague, or equivocal. And unless there be other evidence tending to establish his right to recover, he is not entitled to a finding in his favor, if that version of his testimony the most unfavorable to him shows that the verdict should be against him." *Louisville & Nashville R. Co.* v. *Lusk*, 37 *Ga. App.* 99 (139 S. E. 89), and cit.

5. Under the above-stated rulings and the facts of the instant case, the evidence of the plaintiff (he being the only witness introduced) failed to show his right to recover, and the court did not err in awarding a nonsuit.

*Judgment on main bill of exceptions affirmed; cross-bill dismissed. Luke and Bloodworth, JJ., concur.*

Decided April 15, 1930.

*J. A. McFarland, W. E. & W. G. Mann,* for plaintiff.

*Tye, Thomson & Tye, Mitchell & Mitchell, Walton Whitwell,* for defendant.