20321.   STEVENS *v.* GREEN.

DECIDED JANUARY 19, 1931.

*Earle Norman,* for plaintiff.

*J. B. Burnside, Horace M. Holden,* for defendant.

STEPHENS, J.   F. L. Stevens, as a holder in due course, brought suit against R. H. Green trading as Lincolnton Motor Company, upon a series of negotiable promissory notes, aggregating $251 and interest and attorney's fees, executed December 13, 1927, by the defendant as maker, to the Brenard Manufacturing Company, and by indorsement transferred by the Brenard Manufacturing Company to the plaintiff.   The notes matured five, six, and seven months after date.   The defendant pleaded non est factum, and later, after the appearance term, by an amendment which was allowed by the court, filed a plea alleging that the plaintiff was not a holder in due course, and that the notes were executed by the defendant to the Brenard Manufacturing Company for the purchase price of radio sets and accessories sold by the Brenard Manufacturing Company to the defendant, and it was agreed that if the defendant failed to make sales of the purchased goods in the amount of the purchase-money, the Brenard Manufacturing Company would repurchase them, or pay to the defendant the difference in the amount of the defendant's sales and the purchase-price, and that the Brenard Manufacturing Company had violated this provision of the contract, to the defendant's damage in the amount of the notes sued on.   The jury found for the defendant, and the plaintiff's motion for a new trial was overruled.   To the order overruling the motion for a new trial the plaintiff excepted.

1. The defendant's plea of non est factum, which was not demurred to, afforded enough to amend by, and the defendant's amendment setting up a breach of the contract was properly allowed. Civil Code (1910), § 5681; *Case Threshing Machine Co.* v. *Donalson,* 12 *Ga. App.* 121 (2) (76 S. E. 1049); *Kreischer* v. *Bank of Louisville,* 32 *Ga. App.* 699 (4) (124 S. E. 539), and cases there cited.

2. The defendant in his testimony admitted the execution of the notes. This disposes, adversely to him, of the issue made by the plea of non est factum.

3, 4. If the plaintiff was a holder in due course, the defendant could not, of course, set up, as against the plaintiff, the alleged breach of the contract by the payee of the notes. The plaintiff, as the indorsee of the notes, presumably was such before their maturity, and therefore is presumably a holder in due course, and the burden rests upon the defendant to show otherwise. Negotiable-instruments law, section 59 (Ga. L. 1924, p. 126); *Rhodes* v. *Beall,* 73 *Ga.* 641. It appears, from the testimony of the plaintiff and of one of the officials of the Brenard Manufacturing Company, that the plaintiff, as the transferee and indorsee of the notes, bought them for a consideration from the Brenard Manufacturing Company at a date prior to the maturity dates of all the notes, and that the plaintiff had no connection whatsoever with the Brenard Manufacturing Company.

There is no merit in the contention that by reason of the fact that the notes and the contract, although separately executed, were contained in one paper, the plaintiff as the purchaser of the notes was bound by the terms of the contract, and was therefore not a holder in due course. Since the contract itself contained a provision, although on the side margin of the contract and between the contract and the notes, that the notes were "to be detached by the Brenard Manufacturing Company," the detachment of the notes afterwards, or the severance of the paper between the notes and the contract, was necessarily done with the consent of the defendant who executed both the contract and the notes; and since the notes themselves, as detached, purported on their faces to be negotiable instruments and contained nothing to indicate the existence of the contract or that the maker's obligation to pay the notes could in any wise be affected by the terms of the contract, the right of a holder

by indorsement, who acquired the notes after they had been detached from the contract, to be regarded as a holder in due course, can not be affected by the terms of the contract.

The only evidence that can be relied upon to establish the status of the plaintiff as that of a holder not in due course is contained in the defendant's own testimony, and this is insufficient for this purpose. The defendant testified that the plaintiff F. L. Stevens, several times before the suit was filed, communicated with him with reference to the notes, and was undertaking to collect them for the Brenard Manufacturing Company, and made no claim of ownership of the notes until after the defendant had returned the radios to the Brenard Manufacturing Company, and that the plaintiff then claimed that he was an innocent purchaser of the notes. The defendant further testified that he received copies of the contract from the plaintiff. The defendant in his testimony on cross-examination referred to the plaintiff as being the "attorney" who wrote to the defendant in an attempt to collect the notes, but further testified that, after hearing the testimony of the plaintiff to the effect that the plaintiff had never had any connection with the Brenard Manufacturing Company and had never represented them as attorney or otherwise, he would just swear that it was an attorney that had communicated with him in an attempt to collect the notes, that he would not testify as to the name of the attorney who first wrote to him in the effort to collect the notes, and that he could not testify whether in the letters he had had "from Mr. Stevens, . . he was trying to collect for the Brenard Manufacturing Company or for himself." Construing the defendant's testimony most strongly against him, as must be done, it can not be regarded as containing any statement to the effect that the plaintiff at any time, in any communication to the defendant, claimed that the notes did not belong to him but belonged to the Brenard Manufacturing Company. *Steele* v. *Central of Ga. Ry. Co.,* 123 *Ga.* 237 (51 S. E. 438); *Hogan* v. *Gilbert,* 27 *Ga. App.* 444 (3) (108 S. E. 625). Nor does it appear from the defendant's testimony with reference to his receipt of copies of the contract, whether from the plaintiff himself or from some attorney, that these copies of the contract came from the plaintiff prior to the date when the plaintiff claimed, as appears from the undisputed evidence, to have purchased the notes. Besides, the plaintiff's

mere knowledge of the contents of the contract would not have been knowledge that the contract had been breached by the Brenard Manufacturing Company and that the defendant had thereby acquired any rights or equities against the Brenard Manufacturing Company. *Hudson* v. *Best,* 104 *Ga.* 131 (30 S. E. 688). In fact, when the plaintiff purchased the notes, which, under the uncontradicted evidence, was on February 8, 1928, there had been no breach of the contract as contended by the defendant. It was not until about July 6, 1928, that the defendant returned the radios to the Brenard Manufacturing Company, and contended that the Brenard Manufacturing Company, by failing to give the defendant credit for them on the purchase-price as represented in the contract, had breached the contract. There is, therefore, in the record, no evidence that the plaintiff had no title to the notes, or that his title, if he had any, was acquired after the maturity of any of the notes, or that, prior to acquiring title to the notes, the plaintiff had any notice or knowledge of any fact which would render his status as the holder of the notes that of one not in due course. It appearing from the testimony conclusively and as a matter of law that the plaintiff was a holder of the notes in due course, the defense, under the contract with the payee of the notes, set up by the defendant, was not good as against the plaintiff. It follows therefore that the verdict and judgment for the defendant were unauthorized by the evidence and were contrary to law.

Since the undisputed evidence demanded a verdict for the plaintiff, it is unnecessary to pass upon assignments of error which relate solely to the rulings of the trial judge with reference to the issue as to whether there had been a breach of the contract by the Brenard Manufacturing Company.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*