DECIDED SEPTEMBER 13, 1933.

*J. J. Barge,* for plaintiff.

*Gunn & Hardell, Dorsey & Shelton, Ralph H. Pharr,* for defendants.

## 22856. MASON et al. v. RICE.

STEPHENS, J. 1. A clerk who is left in charge of a mercantile establishment by the proprietors thereof in their absence, with authority to conduct the business and to buy goods upon the credit of the proprietors, and with authority to conduct all the correspondence of the business, is a general agent of the proprietors for the supervision of the establishment and the buying on their credit of goods of a mercantile character, suitable to the business conducted by them; and, being such general agent, limitations upon his authority as to the amount and character of the purchases, which are unknown to persons dealing with the agent, do

not affect them. Civil Code (1910), § 3595; *Smith* v. *Holbrook*, 99 *Ga.* 256 (25 S. E. 627).

2. Upon the trial of a case in which the plaintiff seeks to recover the purchase-price of goods consisting of a stock of jewelry alleged to have been sold and delivered to the defendants as a partnership, pursuant to a contract alleged to have been executed by the defendants, through a clerk in their mercantile establishment as their authorized agent, where it appears from the evidence that the defendants' clerk was left in charge of their establishment, in the defendants' absence, and had authority from them to conduct the business and to buy goods upon their credit and to conduct all the correspondence of the business, that the business was that of a retail store for the sale of merchandise, located in the neighborhood of a cotton factory, that the defendants carried in the store a line of goods consisting of groceries, meats, dry goods, notions, shoes, men's ties, tooth paste, patent medicines, automobile tires, automobile tubes, automobile tools, gasoline, and oil, and in connection therewith operated a restaurant and lunch room, but did not carry a line of jewelry in the stock, that the goods for the purchase-price of which the plaintiff is suing consisted of a stock of jewelry known as "costume jewelry," sold at popular prices, that the clerk, by a written contract executed by him in the name of only one of the defendants, purchased the stock of jewelry from the plaintiff at an agreed price of $284, and placed the same in stock in the defendants' store, and sales were made therefrom at retail to the defendants' customers, that the defendants knew that the stock of goods was in their store and was being sold therefrom in the trade, but did not know that the goods had been bought, but believed, upon information received from the clerk, that the goods had been placed in the store by the plaintiff on consignment only, that when the defendants ascertained that the goods had been bought by the clerk they returned them to the plaintiff, who refused to accept them but retained them in storage for the defendants' benefit, and also where there appears in evidence correspondence between the plaintiff and the clerk of the defendants relative to the transaction after the goods had been received by the clerk and placed in the defendants' store, which tended to establish admissions by the clerk that he bought the goods for and in behalf of the defendants, the inference is authorized that the clerk, notwithstanding limitations upon his actual authority limiting him to the purchase of goods only of the character actually handled in the defendants' store and in quantities not exceeding $50 in price, which limitations were unknown to the plaintiff, had authority to buy on the credit of the defendants goods of a mercantile character and in quantities irrespective of the price, suitable to the business conducted by the defendants, although the goods purchased may have been of a character different from goods actually being handled in the store, that the stock of goods which the clerk bought consisted of jewelry priced at $284 and was suitable to the nature and character of the business conducted by the defendants, and that, although the clerk in purchasing the goods and contracting therefor may not have executed the contract for and in behalf of the defendants under the trade or partnership name under which they were doing business, but did so in the name of only one of the defendants, he

nevertheless bought the goods for and in behalf of the defendants, and that, under the general authority given him to manage the business of the defendants and conduct the correspondence of the business, he was the general agent of the defendants to buy the goods, and did so as their agent, and they are liable to the plaintiff therefor at the contract price. The verdict for the plaintiff in the amount of the contract price of the goods, which had not been paid, was authorized.

3. Since there was adduced evidence that the clerk had authority as the general agent of the defendants to conduct the business of the store, including the buying of goods for the store, and to conduct all the correspondence of the business, and that the clerk bought the goods for and in behalf of the defendants, communications respecting the purchase of the goods, between the clerk and the plaintiff, in the correspondence between them after the goods had been purchased, and also the contract for the purchase of the goods, executed by the clerk and signed by him for and in behalf of only one of the defendants, constituted relevant and material evidence in the case, and was properly admitted.

4. The evidence authorized the verdict for the plaintiff, and no error appears.

*Judgment affirmed. Sutton, J., concurs. Jenkins, P. J., absent on account of illness.*

DECIDED SEPTEMBER 13, 1933.

*J. Glenn Giles, Blair & Gardner,* for plaintiffs in error.
*Gordon M. Combs,* contra.