28505. O'KELLEY *v.* THE STATE.

DECIDED SEPTEMBER 28, 1940. REHEARING MOTION WITHDRAWN.

*Norman I. Miller,* for plaintiff in error.

*Bond Almand, solicitor, John A. Boykin, solicitor-general, J. W. LeCraw,* contra.

MACINTYRE, J. Pierce O'Kelley was convicted of the offense of abandoning his minor child, under the Code, § 74-9902. The mother of the child testified to the effect that the charge set forth in the indictment was true. The defendant introduced in evidence a certified birth certificate, required to be made under the Code, § 88-1212, in which it appeared that the child alleged to have been abandoned was named "Madison Adams Wilson." It further appeared from the certificate that the father of the child was "Earl Cleveland Wilson." The mother of the child denied that the information appearing in the birth certificate was furnished by her. In his statement to the jury the defendant stated: "I am not the father of this child, and it will be found at the judgment bar of God that I am an innocent man." The defendant contends that under this evidence (the birth certificate) and his statement he was not guilty, for the child alleged to have been abandoned was not his child; and that the judge erred in overruling the certiorari. It appears from the evidence for the State, through the testimony of Mrs. Bessie O'Kelley, the only witness for the State, that the defendant was the father of the child, and that she was the mother. "At the present time I am living in Fulton County, Georgia, and the child is living with me." The child is named Adams Madison O'Kelley, and is now about three years old. "I have been married twice; first to Earl Cleveland Wilson; but at the time I met the defendant Pierce O'Kelley and began going with him, I had not lived with my first husband, Mr. Wilson, in six or seven years. At the time when the intercourse took place between Pierce O'Kelley and myself I was not married to Pierce O'Kelley, but he had a room at my home at the time. . . The child was born on May 16, 1937 [1936], and Mr. Pierce O'Kelley and I were married on February 13, 1937, some several months after the child was born. The defendant has not supported the child during the last several years. He left it in a dependent condition, and separated from me on or about September 15, 1938." It thus appears that the evidence presented a sharp conflict as to who was the father of the child, which of course was a question for the jury. A copy of the record of any birth, when properly certified, "shall be prima facie evidence in all courts . . of the facts

therein stated." Code, § 88-1212. (Italics ours.) Therefore the evidence of the contents of such certificate may be rebutted. The jury having resolved all issues of fact against the defendant, this court is powerless to interfere. The judge did not err in overruling the certiorari.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*