30821. STEWART *v.* THE STATE.

DECIDED APRIL 6, 1945.

*A. L. Henson,* for plaintiff in error.

*H. G. Vandiviere, solicitor-general,* contra.

GARDNER, J. The defendant was convicted under the Code, § 26-1602, of "inveigling children." The only assignment of error is that the evidence fails to show that the child was under the age of 18 years. The child testified: "I am 15 years old." The father testified: "She [meaning the child] is 15 years old." This evidence was not objected to, and it was uncontradicted by any evidence on behalf of the defendant or in his statement. It is contended by able counsel for the defendant that since the passage of the vital-statistics act for Georgia, now codified as §§ 88-1202 et seq. of the Code, a certificate of birth contemplated there-

under is required to establish the age of one born since that act went into effect. To this contention we can not agree. In our opinion it was never intended that that act should repeal the provisions of the Code, § 38-303, entitled, "Pedigree, how proved." The child's testimony was admissible under the latter section. Neither were the provisions of the vital-statistics act intended to preclude a father and mother from testifying as to the ages of their children, which they should and usually do know. Counsel for the defendant cites *McCollum* v. *State,* 119 *Ga.* 308 (46 S. E. 413, 100 Am. St. R. 171); *Posey* v. *State,* 46 *Ga. App.* 290 (2) (167 S. E. 340); *O'Kelley* v. *State,* 63 *Ga. App.* 609 (11 S. E. 2d, 718); *Woodruff* v. *American Mutual Liability Ins. Co.,* 67 *Ga. App.* 554 (21 S. E. 2d, 298); *Metropolitan Casualty Ins. Co.* v. *Reese,* 67 *Ga. App.* 628 (21 S. E. 2d, 455). Upon reading the decisions in the cases from this court it will be observed that the extent of the court's opinion in those decisions was that the introduction of a certified copy of the birth certificate under the provisions of the vital-statistics act was prima facie evidence only of the facts stated therein, and such facts might be rebutted by other proof. In *McCollum* v. *State,* supra, the Supreme Court said: "A witness may testify as to his own age, notwithstanding all the information he has upon the subject is derived from his mother, who is living in the county where the trial occurs." It is true that the facts in the last-cited case show that it was decided before the passage of the vital-statistics act, but as we have noted, in our opinion, this would make no difference, under the record of the instant case. In addition, we might call attention to *Metropolitan Life Ins. Co.* v. *Saul,* 189 *Ga.* 1 (6) (5 S. E. 2d, 214), in which will be found a very interesting opinion of the Supreme Court concerning the reasons for the principle stated in the Code, § 38-303.

The court did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*