35357.    CARMICHAEL *v.* SILVERS.

Decided October 13, 1954.

812

*Edward F. Taylor,* for plaintiff in error.

*Carl E. Westmoreland, Richard B. Thornton,* contra.

GARDNER, P. J. ■ (a) We have set out the evidence somewhat in particularity in order to determine better the issue

presented. It will be noted that the evidence for the plaintiff is undisputed that Levie was the general agent, in charge of the business of the defendant. It is also undisputed that Levie sent Bernard to the home of the plaintiff on the morning of the difficulty of which complaint is made. It is undisputed that Bernard at the direction of Levie took a revised contract to the plaintiff's home for the plaintiff to sign, and that, when she refused to sign it, he manhandled her and committed upon the plaintiff an assault and battery. It must be kept in mind that the only witness testifying to the unlawful conduct of Bernard was the plaintiff herself. Levie and Bernard did not testify. The defendant contends that, since Bernard was not on the payroll of the defendant and had not been dealt with as an agent, he was not, under the circumstances of this case, a general agent of the defendant; but that the evidence showed that the connection of Bernard with the transaction was that of an individual and independent contractor. We do not think that the evidence in this case bears out the contention of the defendant. Bernard was employed in this particular instance by the general manager Levie, who had the right to employ him. The testimony of the bookkeeper, Mrs. Fisher, bears out this view. Code § 4-101 reads: "The relation of principal and agent arises wherever one person, expressly or by implication, authorizes another to act for him, or subsequently ratifies the acts of another in his behalf."

This court in *Arthur* v. *Georgia Cotton Co.*, 22 *Ga. App.* 431 (1) (96 S. E. 232) said: "Where the owner of property engages another to find a purchaser for it and to negotiate terms of sale at a named minimum price or better, and such person, with or without compensation, assumes such duty, and, by virtue of his delegated authority, procures a purchaser for the owner, and the owner consummates a contract of sale with the buyer upon terms which have been arrived at solely by virtue of the previous negotiations thus had, the relation which subsists between the seller and the one acting for him in such previous negotiation of terms, is that of principal and agent." It will thus be seen that the payment of compensation is not a necessary ingredient of principal and agent. In *Baldwin* v. *Garrett & Sons*, 111 *Ga.* 876 (2) (36 S. E. 966), the Supreme Court said: "An agent to conduct a given business for his principal necessarily has authority

to do everything which is essential to the performance of his duties as agent." This court in *Bacon* v. *Dannenberg Co.*, 24 *Ga. App.* 540 (1) (101 S. E. 699) said: "A general agency exists where there is a delegation of authority to do all acts in connection with a particular trade or business, and in such a case the principal is bound by the acts of his agent within the apparent scope of his authority. *Foster* v. *Jones*, 78 *Ga.* 150 (1) (1 S. E. 275)." See, in this connection, *Mason* v. *Rice*, 47 *Ga. App.* 502 (1) (170 S. E. 829). See also Code § 4-307. Code § 105-108 reads: "Every person shall be liable for torts committed by . . . his servant, by his command or in the prosecution and within the scope of his business, whether the same shall be by negligence or voluntary." See *Seaboard Air Line Ry. Co.* v. *Arrant*, 17 *Ga. App.* 489 (2) (87 S. E. 714). *American Security Co.* v. *Cook*, 49 *Ga. App.* 723 (1) (176 S. E. 798) states that the courts of this State have settled that the master is liable for the tort of his servant committed in the performance of his master's business, even though the tort be a wilful one. In *Coleman* v. *Nail*, 49 *Ga. App.* 51 (1) (174 S. E. 178) this court said: "A master is liable for the torts of his servants . . . although the torts may amount to a crime."

(b) The defendant contends that the plaintiff did not carry the burden of proof as required under Code § 38-103. In this connection counsel call our attention to *Kimsey* v. *Rogers*, 166 *Ga.* 176 (8) (142 S. E. 667); *Hill* v. *Harris*, 11 *Ga. App.* 358 (4) (75 S. E. 518); *Little* v. *Dolvin*, 25 *Ga. App.* 264 (1) (103 S. E. 35); *Windham* v. *Taylor*, 42 *Ga. App.* 521 (1) (156 S. E. 744); *Courson* v. *Pearson*, 132 *Ga.* 698 (64 S. E. 997). These cases hold in effect that the burden of proof is on the plaintiff to establish the case. The defendant contends that proof must be a preponderance of the evidence, and calls our attention to *Grimsley* v. *Morgan*, 178 *Ga.* 40 (172 S. E. 49) wherein the Supreme Court said: "If the plaintiff alleges a right to recover, and the defendant denies his allegation without more the plaintiff, upon the case as a whole, carries the burden of showing, by a preponderance of the evidence, that he is entitled to recover." The defendant further contends that it is for the jury to decide whether or not the defendant has carried the burden by a preponderance of the evidence; and the jury having found against the plaintiff,

it was thereby determined that the plaintiff did not establish proof by a preponderance of evidence. In this connection, the defendant calls our attention to Code § 38-107, which states: "In determining where the preponderance of evidence lies, the jury may consider all the facts and circumstances of the case, the witnesses' manner of testifying, their intelligence, their means and opportunity for knowing the facts to which they testified, the nature of the facts to which they testified, and the probability or improbability of their testimony, their interest or want of interest, and also their personal credibility so far as the same may legitimately appear from the trial. The jury may also consider the number of the witnesses, though the preponderance is not necessarily with the greater number." In this connection counsel also call our attention to *Anderson* v. *Savannah Press Publishing Co.*, 100 *Ga.* 454 (28 S. E. 216). Our attention is called further by counsel for the defendant that the only witnesses used by the plaintiff in an effort to establish the case were the plaintiff herself and her husband, and that those two witnesses were interested in the case, since they would receive the fruits of a judgment in their favor. The defendant contends that "Testimony of a party should be construed more strongly against him." Then counsel cite *Thompson* v. *Metropolitan Life Ins. Co.*, 45 *Ga. App.* 90 (163 S. E. 527); *Farrell* v. *Barrett*, 45 *Ga. App.* 104 (163 S. E. 217); *Stevens* v. *Green*, 42 *Ga. App.* 512 (156 S. E. 626); *Pelotte* v. *Simmons*, 41 *Ga. App.* 198 (152 S. E. 310); *Butler* v. *Morgan*, 40 *Ga. App.* 304 (149 S. E. 388); *Gardner* v. *Smith*, 39 *Ga. App.* 224 (146 S. E. 648); and *Louisville & Nashville R. Co.* v. *Lusk*, 37 *Ga. App.* 99 (139 S. E. 89). The defendant further contends that the plaintiff's testimony, construed in its worst light, would warrant a verdict against her, as she had no evidence other than her own testimony which would show her right to recover. Her age and physical condition as testified to by her would be sufficient to warrant the jury to find against her, as they could have easily believed that her nervous condition, if any, was caused by her age and physical condition and not by the alleged acts of Bernard. Counsel quote from *American National Insurance Co.* v. *Gantt*, 46 *Ga. App.* 744 (169 S. E. 133), as follows: "The testimony of a party who offers himself as a witness in his own behalf is to be construed

most strongly against him, when it is self-contradictory, vague and equivocal. And unless there be other evidence tending to establish his right to recover, he is not entitled to a finding in his favor if the version of his testimony, most unfavorable to him, shows that the verdict should be against him." Counsel also cite the following cases to support this contention: *Clark* v. *Western & A. R.*, 41 *Ga. App.* 317 (152 S. E. 847) ; *Louisville & Nashville R. Co.* v. *Lusk*, supra; *Hogan* v. *Gilbert*, 27 *Ga. App.* 444 (108 S. E. 625) ; and *City of Thomasville* v. *Crowell*, 22 *Ga. App.* 383 (96 S. E. 335).

It is the defendant's contention further that the testimony of the plaintiff was contradicted as to agency by the testimony of Mrs. Fisher and the defendant; and that, taking the plaintiff's contention to be true and that her testimony was uncontradicted, there were circumstances inconsistent with the truth of her testimony. The first such circumstances would be her age, which placed her in the age group in which women normally go through "change of life"; and further her testimony that she was actually going through this "change of life"; that these are circumstances inconsistent with her testimony that her nervous condition was caused by the acts of Bernard, and that therefore the jury were not obligated to believe her testimony. In this connection counsel call our attention to *Detwiler* v. *Cox*, 120 *Ga.* 638 (48 S. E. 142), wherein it is stated: "The interest of a witness in the result of the suit may always be considered in passing upon his credibility, and where there are circumstances inconsistent with the truth of his testimony, the jury are not obliged to believe him, even though he is not contradicted by any other witness." Counsel also call our attention to *Armstrong* v. *Ballew*, 118 *Ga.* 168 (44 S. E. 996) ; *Amis* v. *Cameron*, 55 *Ga.* 449; *Penny* v. *Vincent*, 49 *Ga.* 473; *Laramore* v. *Minish*, 43 *Ga.* 282; *Fincher* v. *Harlow*, 56 *Ga. App.* 578 (193 S. E. 452) ; *McRae* v. *Wilby*, 59 *Ga. App.* 401 (1 S. E. 2d 77) ; and *Horton* v. *Johnson*, 192 *Ga.* 338 (15 S. E. 2d 605). Counsel also call our attention to *Eberhardt* v. *Bennett*, 163 *Ga.* 796 (137 S. E. 64), wherein the Supreme Court said: "While a juror may not be authorized to captiously disregard the testimony of a witness who is not impeached in any of the modes prescribed by law, still a juror is at liberty, dependent upon the circumstances of the case, to

disbelieve any testimony of any or all of the witnesses in a case."

We will discuss these contentions briefly. The last decision quoted immediately hereinabove states that a juror is not authorized to captiously disregard the testimony of a witness who is not impeached in the modes prescribed by law, but the jury may depend upon the circumstances of the case and disbelieve any testimony of any or all the witnesses in the case. According to our way of thinking, the evidence overwhelmingly establishes the fact that Levie was the general agent in charge of the defendant's business in Georgia while the defendant was in Pennsylvania. Certainly the evidence for the defendant in no wise contradicted this proposition. It might be interesting in this connection to inquire why no effort was made, insofar as the record reveals, to determine the whereabouts of Bernard and Levie at the time of the trial. In the interest of truth and justice, it occurs to us that the defendant should have made an effort to procure them to rebut the testimony of the plaintiff. Certainly it was not the duty of the plaintiff to make an effort to procure them.

The defendant contends that the jury were authorized to find that the testimony of the plaintiff should be wholly disregarded, although she was not impeached, because of her period in life where women normally go through what is generally known as "change of life." There was no evidence to this effect except by cross-examination of the plaintiff by counsel for the defendant. We have read that evidence carefully several times, and by reference to her testimony on cross-examination it appears from the record that counsel for the defendant rely on questions propounded as evidence of such fact. It will be noted that to practically all of the questions propounded on cross-examination, seeking to discredit the plaintiff, she answered in the negative. We know of no rule of law which would permit such questions to be considered as evidence by the jury. The plaintiff positively testified that she had no nervous trouble until after the manhandling and assault and battery committed upon her by Bernard, who was sent there by the general agent of the defendant, Levie. We fail to find, in all the evidence, any circumstances that would authorize the jury to *captiously disregard the unimpeached testimony of the plaintiff*. In this connection

we call attention to *Myers* v. *Brown,* 74 *Ga. App.* 534 (1) (40 S. E. 2d 391) and *Dowdle* v. *West Lumber Co.,* 79 *Ga. App.* 663 (1) (54 S. E. 2d 682). Regarding the circumstantial evidence and the positive and unimpeached testimony of a witness, this court held in *Neill* v. *Hill,* 32 *Ga. App.* 381 (123 S. E. 30): "(a) The testimony of witnesses who swear positively, and are not otherwise impeached or discredited, should not be discarded merely because they are related to the party in whose behalf they testify, although it is proper for the jury to consider such relationship when there is other matter by reason of which they may legitimately question the credibility of the testimony. 28 R. C. L. 660, § 245; *Central of Ga. Ry. Co.* v. *Bernstein,* 113 *Ga.* 175 (6) (38 S. E. 394); *Armstrong* v. *Ballew,* 118 *Ga.* 168 (2) (44 S. E. 996); *Macon & Birmingham R. Co.* v. *Revis,* 119 *Ga.* 332 (46 S. E. 418); *Detwiler* v. *Cox,* 120 *Ga.* 638 (48 S. E. 142); Civil Code (1910) § 5878.

"(b) A fact cannot be established by circumstantial evidence which is perfectly consistent with direct, uncontradicted, reasonable and unimpeached testimony that the fact does not exist. *Frazier* v. *Ga. Ry. &c. Co.,* 108 *Ga.* 807 (1); *Hendon* v. *State,* 10 *Ga. App.* 78 (72 S. E. 522); *Georgia Ry. & Elec. Co.* v. *Harris,* 1 *Ga. App.* 714, 717 (57 S. E. 1076).

"(c) Whether the evidence, introduced by the defendant, that the intestate or alleged maker was able to write her own name and was in the habit of doing so, might be relevant and furnish a 'collateral prop' to other evidence, it could not have been within itself sufficient to support a verdict in favor of the plea, as against the character of evidence introduced by the plaintiff in opposition thereto. This case is distinguishable from *Dillard* v. *Holtzendorf,* 140 *Ga.* 17 (1) (78 S. E. 414), and *Stewart* v. *White,* 143 *Ga.* 22 (1) (84 S. E. 63). In each of those cases there was other evidence in support of the plea."

See also *Federal Reserve Bank of Atlanta* v. *Haynie,* 46 *Ga. App.* 522 (168 S. E. 112), wherein this court said: "A fact cannot be established by circumstantial evidence which is perfectly consistent with direct, uncontradicted, reasonable and unimpeached testimony that the fact does not exist."

To the principle of law that a jury may not arbitrarily disregard the testimony of a witness by reason of interest in the re-

sult, see *Brunswick & Western R. Co.* v. *Wiggins*, 113 *Ga.* 842 (1) (39 S. E. 551, 61 L. R. A. 513) and *Central of Ga. Ry. Co.* v. *Mote*, 131 *Ga.* 166, 176 (62 S. E. 164).

We might again revert to the principle of agency. The declarations of a mere agent, standing alone, are not sufficient to prove agency. The declarations of a general agent made while in the employ of the defendant are admissible to prove agency. See, in this connection, *Citizens' Bank of Tifton* v. *Timmons*, 15 *Ga. App.* 815 (2) (84 S. E. 232); *Mason* v. *Rice*, 47 *Ga. App.* 502, 504 (170 S. E. 829); *Camilla Cotton Oil &c. Co.* v. *Walker*, 21 *Ga. App.* 603 (6) (94 S. E. 855); *Krogg* v. *Atlanta & W. P. R. Co.*, 77 *Ga.* 202 (1, 1a) (4 Am. St. R. 77); *Louisville & Nashville R. Co.* v. *Tift*, 100 *Ga.* 86 (3) (27 S. E. 765); *Farmers' Ginnery & Mfg. Co.* v. *Thrasher*, 144 *Ga.* 598 (4) (87 S. E. 804); and *Baker* v. *H. E. Lowe Electric Co.*, 47 *Ga. App.* 259 (6) (170 S. E. 337). The evidence in this case demanded a verdict for the plaintiff in some amount.

■ Special ground 1 contends that the court erred in charging the jury to the effect that the jury should determine whether Bernard was an agent of the defendant or was an independent contractor. The evidence shows that Bernard was the agent of the defendant when he was sent to the home of the plaintiff with instructions to try to enter into a contract with her. It is contended by the plaintiff that the charge of the court confused the jury, since the jury had heard the testimony of the witnesses and knew or should have known that Bernard was the agent of the defendant; and further contended that, so far as the undisputed evidence was concerned, the charge that the jury should determine whether Bernard was an agent was such as to cast doubt upon the evidence in the minds of the jurors and require them to think that as a matter of law Bernard was not the agent of the defendant, notwithstanding undisputed evidence to the contrary, the court having charged that the jury would settle this question, which had already been settled by undisputed evidence. It is true that the defendant in his plea set up that Bernard was not the agent and that Bernard was an independent contractor, if. he was anything; still the evidence for both the plaintiff and the defendant shows beyond dispute that Bernard was an agent of the defendant when he assaulted the plaintiff.

In our opinion the criticism lodged against the excerpt from the charge of the court as set out in this special ground is meritorious, and the court erred in connection with giving this charge. See *Nation* v. *Jones*, 3 *Ga. App.* 83 (3) (59 S. E. 330), and *Central Georgia Power Co.* v. *Cornwell*, 139 *Ga.* 1 (2) (76 S. E. 387, Ann. Cas. 1914A 880), to the effect that a charge which is a correct abstract principle of law, but is not applicable to the evidence and tends to mislead or confuse the jury, is error.

See *Americus Gas &c. Co.* v. *Coleman*, 16 *Ga. App.* 17 (2) (84 S. E. 493) to the effect that it is error to read to the jury contentions in the pleadings which are not supported by the evidence.

The court erred in denying the amended motion for a new trial.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*