### 35650. Goza *v.* The State.

CARLISLE, J. 1. "To constitute a valid marriage in this State, there must be parties able to contract. Civil Code, § 2930 [Code § 53-101]. A party to a previous marriage undissolved is a party unable to contract marriage. § 2931 [Code § 53-102 (1)]. A marriage by such a person is void; but the issue of such marriage before it is annulled and declared void by a competent court, are legitimate. § 2935 [Code § 53-104]. Even where a party to a bigamous marriage is convicted of the offense of bigamy, 'the issue of such marriage, born before the commencement of any prosecution for polygamy, . . . shall, notwithstanding the invalidity of such marriage, be considered as legitimate.' Penal Code, § 369 [Code § 26-5603]." *Perkins* v. *Levy*, 158 *Ga.* 896 (124 S. E. 799); *Connor* v. *Rainwater*, 200 *Ga.* 866 (38 S. E. 2d 805); *Campbell* v. *Allen*, 208 *Ga.* 274 (66 S. E. 2d 226).

2. Where, in a case in which the accused is charged with the abandonment of his minor child, it appears from the evidence that the accused had

first entered into a ceremonial marriage in Thomasville, Georgia, on July 3, 1937, and though he had separated from his wife, neither had obtained a divorce until he was divorced by his wife by a decree of a Florida court on August 6, 1942, and it appears that, between the time of his separation from his wife and the divorce, he had begun a co-habitation with the mother of the child alleged to have been abandoned, and had entered into a ceremonial marriage with such mother in Florida on November 30, 1941, and they returned to Georgia and held themselves out as husband and wife, and the child alleged to have been abandoned by the accused was born to them on July 1, 1941, and they continued to live together until approximately two years prior to the present prosecution, at which time the accused left the mother and child and ceased to furnish anything to the support of such child, the judge, sitting without a jury, under an application of the principle of law stated in division 1, was authorized to find that the child, though the issue of a bigamous marriage, was legitimate, and had been abandoned by the accused within the meaning of Code (Ann. Supp.) § 74-9902. *Stephens* v. *State,* 80 *Ga. App.* 823 (57 S. E. 2d 493); *O'Kelley* v. *State,* 63 *Ga. App.* 609 (11 S. E. 2d 718). The evidence authorized the verdict, and consequently the trial court did not err in denying the motion for a new trial, based solely on the general grounds.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED APRIL 15, 1955.

*C. E. Hay,* for plaintiff in error.
*George G. Smith, Solicitor,* contra.