## McKENZIE'S SONS & COMPANY *v.* CONSOLIDATED LUMBER COMPANY; *et vice versa.*

1. Where a case has never been marked "in default" on the docket, and no order has been taken declaring it to be "in default," an answer to the merits of the case, filed at a term subsequent to the appearance term, will not be dismissed because not filed in time. *Hall* v. *Tiedeman,* 141 *Ga.* 602 (81 S. E. 868).

2. While the plea of recoupment was not subject to general demurrer, it was subject to special demurrer calling for more specific statements of the elements of damage sought to be recovered.

(a) Other grounds of demurrer to the plea are without merit.

3. In an action for the price of certain lumber and piling, the defendants set up, by way of recoupment, a claim for damages resulting from a breach of the contract in failing to deliver the materials within the time specified. On the trial it appeared that the defendants had entered into another contract for the construction of certain wharves and sheds for a railway company, in which the materials purchased from plaintiff were to be used. In the contract with the railway company there was a stipulation to pay, as liquidated damages, a specified sum for each day's delay in the completion of the structures within the time specified in the contract. The contract between the plaintiff and defendants contemplated the use to which the defendants intended to put the lumber and piling, and contained a provision to the effect that the plaintiff "agrees that, in the event of his failure to complete the entire order in the time specified herein, he will pay to the contractor an amount equal to the losses sustained by the contractor as liquidated damages." *Held:* (a) Properly construed, this provision of the contract did not limit the damages recoverable, for failure to deliver the lumber and piling within the time specified, to such amount as might be necessary to reimburse the contractor for any money which he might be required to pay to the railway company as liquidated damages for delay in completing the structures. (b) It was error to rule out evidence introduced by the defendants in support of their claim for damages set up by way of recoupment, and to direct a verdict for the plaintiff.

4. There was no merit in the motion to dismiss the writ of error.

SEPTEMBER 18, 1914. REHEARING DENIED OCTOBER 2, 1914.

Complaint. Before Judge Charlton. Chatham superior court. March 26, 1913.

*Osborne & Lawrence,* for plaintiffs in error in main bill.
*Bennet, Twitty & Reese* and *Robert L. Colding,* contra.

ATKINSON, J. 1. The ruling announced in the first headnote does not require elaboration.

2. The action was brought by the Consolidated Lumber Company of Georgia against John H. McKenzie's Sons & Company, to recover $20,838.09, besides interest, alleged to be an amount due for material furnished under a contract, consisting of lumber and piling to be used by the defendants in construction of certain railroad wharves and sheds. In an answer in the nature of a cross-action the defendants, admitting the purchase of the lumber and piling described in the petition, set up that the plaintiff did not deliver the articles so purchased "at the times contracted to be delivered, and that by reason whereof, and by reason of the loss of time,

it cost plaintiff [defendants] $34,352.37 more to perform the work than it would have done except for this failure upon the part of the plaintiff." Upon such allegation the defendants sought, by way of recoupment, to recover from the plaintiff a judgment for the sum of $13,514.28, alleged to be the difference between the contract price of the articles furnished and the loss arising out of the delay in making the deliveries. There was a demurrer, called a motion to strike the answer, upon the ground that it did not set forth any defense to the plaintiff's action, or set out any legal offset thereto; and specially that "it does not appear how or wherein the alleged failure of the plaintiff to furnish the materials at the times contracted to be furnished cost said defendants $34,352.37 more to perform said work than it would have otherwise done; nor is it alleged what damages defendants sustained by reason of each of such delays, nor is it alleged how or wherein such delays damaged said defendants in the sum alleged in said answer, or in any other sum; nor are any facts alleged to put plaintiff upon notice of what said defendants' proofs would be in these respects." There were other grounds of special demurrer which need not be stated. The answer of the defendants alleged a breach of the contract, and damages flowing from the breach, and was not subject to general demurrer. But the allegations in regard to the delays in making the deliveries, and the damage to defendants flowing from such delays, were stated too broadly, and were not sufficient to withstand the special demurrer calling for more specific statements of the elements of damage as set forth above. It was erroneous to overrule so much of the special demurrer as called for more specific allegations relatively to the damage set up in the plea of recoupment. Other grounds of demurrer to the plea were without merit.

3. On the trial it appeared that the defendants had been competitive bidders for a contract to be let by the Central of Georgia Railway Company for the construction of certain wharves and sheds; and that after their bid had been submitted, the amount thereof was reduced on the basis of an opportunity to get the advantage of a bid submitted by the plaintiff to the railway company for furnishing the necessary lumber and piling at a lower price than the defendants would have had to pay elsewhere. Under such circumstances the contract was awarded to the defendants, and a formal instrument executed between them and the railway company

for the construction of the improvements. The 13th paragraph of the contract was as follows: "The contractor agrees that, in the event of his failure to complete the whole of the work in the time specified herein, he will pay to the company the sum of fifty ($50) dollars per day for every day the work remains incomplete as liquidated, stipulated damages; provided, however, that delays which may be due to fire, cyclones, storms, or strikes of workmen will not be charged against the contractor." Having entered into the contract with the railway company, the defendants entered into another contract with the plaintiff, by the terms whereof the latter was to furnish to the former a large quantity of lumber and piling, to be used in constructing the wharves and sheds. In this latter contract the plaintiff was referred to as subcontractor and the defendants as contractors. It was stipulated that delivery of the lumber and piling should commence within one week from the date of the contract, and should be completed, relatively to the piling within six weeks, and relatively to the lumber within ninety days from the date of the contract. The 6th paragraph of the contract was as follows: "The subcontractor agrees that, in the event of his failure to complete the entire order in the time specified herein, he will pay to the contractor an amount equal to the losses sustained by the contractor as liquidated damages, provided that delays caused by fire, cyclones, storms, or strikes of workmen will not be charged against the subcontractor, but all claims for extension of time on account of any one of the above-named causes shall be filed in writing with the contractor within twenty-four hours after its occurrence. Should at any time the subcontractor fail to provide sufficient and proper materials for the expedient progress of the work, it is distinctly understood and agreed that the contractor shall proceed and buy to the best advantage for the account of the subcontractor such materials as will enable them to proceed and finish their contract at the specified time. It being understood that the subcontractor is to pay any difference in price; and this amount will be deducted from their monthly estimate or retained percentage."

The plaintiff did not complete the delivery of the lumber and pilings within the time specified.

In addition to what has been stated above, the defendants introduced testimony tending to show that the cost of the work in per-

forming their contract with the railway company had been increased on account of the failure of the plaintiff to furnish the lumber and piling within the contractual time, thereby causing the damage sought to be recovered by way of recoupment. On motion the judge excluded this evidence, and directed a verdict for the plaintiff for the full amount sued for in the petition. Error was assigned.

The rulings complained of resulted from the court's construction of the 6th paragraph of the contract. This was held to be a stipulation between the parties adopting a measure of damages for failure to deliver the lumber and piling within the contractual time, and to fix the damages at such an amount as the defendants should be compelled to pay to the railway company, under their contract with that institution, for failure to complete the structures within the time limited for the work. In other words, by construction, the court read into clause six of the contract a part of paragraph thirteen of the contract between the defendants and the railway company, which is fully set out above. Ordinarily all damages naturally and proximately flowing from the failure to deliver the lumber and piling in the contractual time would be recoverable; but under the court's construction, the damages recoverable would be limited to less than those naturally and proximately flowing from the breach of the contract. If it should be held that the parties, by agreement, fixed as a measure of damages such "liquidated damages" as the defendants might be required to pay under their contract with the railway company, it might be that the plaintiff would be obliged to reimburse the defendants for money so paid out, although the delay of the plaintiff in executing its contract may not have caused or entered into the cause of delay of the contractors in completing the structures. If the first part of clause six should be construed as fixing a measure of damages for failure to deliver the lumber and piling in time, it does not purport to fix a partial or conditional measure, but purports to be exhaustive on the subject. This would be incompatible with the provision in the last part of clause six, which authorizes the defendants, in the event of delay by the plaintiff in making the delivery, to buy from other sources lumber and piling for the account of the plaintiff. Clause six of the contract is not clearly expressed from a technical point of view, but it ought not to be given the

construction placed upon it by the trial court. It was error to exclude the evidence and direct a verdict for the plaintiff.

4. A motion was made to dismiss the writ of error upon the main bill of exceptions, on the grounds that the bill of exceptions contains (*a*) no valid assignment of error; (*b*) no assignment of error to the final judgment rendered; (*c*) no assignment of error to the verdict returned; (*d*) no assignment of error showing how or wherein the final judgment rendered, or verdict returned, is erroneous. The bill of exceptions contained recitals setting forth certain evidence relied on by the defendants to sustain their claim for damages as set up in their plea of recoupment, and the ruling of the court excluding the evidence mentioned, after which was the assignment of error: "To this judgment of the court excluding said evidence the defendants then and there excepted, and now except and assign error on the same, and say the court should have overruled said motion and allowed said testimony to remain in evidence, and erred in refusing to do so." Following this assignment of error was a statement to the effect that after the ruling of the court the evidence was closed, and counsel for the respective parties agreed that under the ruling of the court the plaintiff was entitled to a verdict for a stated amount, and thereupon the court upon motion of plaintiff's counsel directed a verdict for the plaintiff for the sum so stated, and the jury returned a verdict in accordance with such direction. Following this recital was the further assignment of error: "To this judgment of the court directing the jury to return a verdict against the defendants the defendants then and there excepted, and now except and assign error upon the same, and say the court should have overruled the motion to direct a verdict, and erred in refusing so to do." There was no assignment of error upon any judgment entered upon the verdict; but the direction of the verdict was in effect a judgment by the court, and is to be treated as a final judgment upon which error may be assigned in a direct bill of exceptions, and as sufficient, when error is assigned upon it, to bring under review a proper assignment of error upon a judgment or ruling as to the admissibility of evidence made during the trial. There was no merit in any of the grounds of the motion to dismiss. *Scarborough* v. *Holder,* **127** *Ga.* **256 (56 S. E. 293)**; *Potts-Thompson Liquor Company* **v.** *Potts,*

135 *Ga.* 453 (11), 465 (69 S. E. 734) ; *Brown* v. *Conner,* 141 *Ga.* 622 (81 S. E. 901).

*Judgment reversed on both bills of exceptions.  All the Justices concur.*

### ON MOTION FOR REHEARING.

From an inspection of the record and of the opinion filed by the trial judge, it is apparent that he rejected the evidence to which we have referred, because of the construction which he placed upon the contract, and not because of objections as to its generality or competency for other reasons.  In our decision we have dealt with the judge's construction of the contract, especially with reference to the first division of the sixth clause thereof and the effect of the words "as liquidated damages."  In doing so we have not overlooked other portions of the sixth clause or of the contract; but we have not thought it necessary to go beyond the requirements of the present case; and other questions as to the admissibility of evidence or objections thereto, or the like, are not precluded by this decision, except in so far as dependent upon the ruling herein made as to the construction of the contract.