ATLANTA BANKING AND SAVINGS COMPANY *v.* CHASTAIN.

ATKINSON, J. 1. In the bill of exceptions were several assignments of error upon antecedent rulings of the court on questions which necessarily resulted in the verdict directed. There was a general exception to the judgment directing a verdict for the defendant, that it was contrary to law. *Held*, that the motion to dismiss the writ of error, on the ground that there was no sufficient assignment of error upon a final judgment, was without merit. *McKenzie's Sons Co.* v. *Consolidated Lumber Co.*, 142 *Ga.* 375 (4), 380 (82 S. E. 1062); *Lyndon* v. *Georgia Ry. & El. Co.*, 129 *Ga.* 353 (3), 354 (58 S. E. 1047).

2. Where a parol contract for the sale of land was entered into on December 3, 1903, whereby it was agreed that the purchase-price should be $1060, of which sum $100 was to be paid in cash and the balance in sixty notes of $16 each, payable consecutively and monthly so that the last would fall due on December 3, 1908, all of such notes to bear interest at the rate of 8 per cent. per annum after maturity; and where the notes were executed by the vendee to the vendor in pursuance of the contract on the date of the sale, and the purchaser was admitted into possession of the land without the cash payment of $100, and continuously remained in possession and paid fifty-nine of the notes as they severally matured, the vendor, after waiting until 1919, is not entitled to rescission of the contract of sale merely on the ground that the vendee did not pay the $100 cash at the time of entering into the contract, and failed to pay the last note for $16 that fell due in 1908.

(a) The judge did not err in disallowing the amendment setting up rescission of the contract.

3. At the time of the sale the following instrument was executed by the agent making the sale, and delivered to the vendee: "Atlanta Banking and Savings Co. Real Estate Loans a Specialty. Atlanta, Georgia. $900 pur. price. 12/3/1903. Red. of N. A. Chastain sixteen dollars as part of the purchase-money on Emmett street

property. The balance of $884 to be paid by 59 notes, due monthly, for $16 each, from Feby., 1904, & $100 cash, to be paid, when bond for title will be given. [Signed] Chs. E. Thompson, agent, Atlanta Bkg. Co." The agent received the payments for all of the notes except the last. *Held*: (*a*) The paper was not a mere receipt, but was a contract purporting to specify the terms of the sale. (*b*) The act of the agent in executing the instrument was ratified by the vendor by accepting payments for the land in accordance with the terms of the contract. (*c*) The written instrument was ambiguous as to the amount of the price to be paid for the land. (*d*) The contract being ambiguous on its face, it should have been submitted to the jury to show what its real meaning was, in connection with competent evidence submitted on the question; and therefore the court erred in excluding parol evidence offered by the vendor, tend-ing to explain the contract, and to show that its meaning was otherwise than it was construed to be by the court.

*Judgment reversed. All the Justices concur.*

No. 1947.　November 9, 1920.

Complaint for land. Before Judge Pendleton. Fulton superior court. January 19, 1920.

*J. A. Noyes* and *Payne & Jones,* for plaintiff.

*Arminius Wright* and *Harvey Hill,* for defendant.