## 12164. HOGAN v. GILBERT.

1. Whether or not an exception to the overruling of a motion for nonsuit, based upon the ground that there was a fatal variance between the allegata and probata, in that the evidence showed that the contract sued upon was made with a partnership rather than with the individual plaintiff, is such an exception as can be considered where testimony for the defendant was introduced, a verdict rendered

against the defendant, and a motion for new trial made which presented the complaint that the verdict was contrary to the evidence and without evidence to support it (as to which see cases cited in *Gunn* v. *Wilson Co.*, 20 *Ga. App.* 14, 16, 17, 92 S. E. 721; and see *Citizens Bank* v. *Shaw*, 132 *Ga.* 771 (1), 773, 65 S. E. 81; *Glausier* v. *Boston Naval Stores Co.*, 132 *Ga.* 549, 552, 64 S. E. 547; *Findley* v. *Central of Ga. Ry. Co.*, 7 *Ga. App.* 180, 66 S. E. 485, and cases cited), it is nevertheless true that, where a motion for nonsuit is overruled, and the defendant thereafter introduces evidence by which the deficiency in the plaintiff's testimony is cured, the error, if any, in overruling the motion for nonsuit is also cured. *Ga. Ry. & Electric Co.* v. *Reeves*, 123 *Ga.* 697 (7), 703 (51 S. E. 610); *Southern Ry. Co.* v. *Morrison*, 8 *Ga. App.* 647 (2), 648 (70 S. E. 61); *Ala. Construction Co.* v. *Continental Car Co.*, 131 *Ga.* 365, 369 (62 S. E. 160). In the instant case, whatever uncertainty might have existed under the plaintiff's evidence upon the question as to whether the contract with the defendant was made with the plaintiff alone, as alleged in the petition, or with himself and his brother, was clarified by the defendant's own testimony that the contract was made and remained solely with the plaintiff.

2. It is the general rule that a real-estate broker earns his commissions when, " during the agency, he finds a purchaser, ready, willing, and able to buy, and who offers to buy on the terms stipulated by the owner " (Civil Code of 1910, § 3587; *Smith* v. *Tatum*, 140 *Ga.* 719, 79 S. E. 775; *McMath Plantation Co.* v. *Allison*, 26 *Ga. App.* 744, 107 S. E. 420). Still the owner may, by the express terms of his agreement with the broker, limit his liability by specifically providing that the commissions shall become earned, due, and payable only as the purchase-price shall be actually paid. Such a provision would not, however, affect the broker's rights to commissions in a case where, during the agency, he finds a purchaser, ready, able, and willing to buy, and who actually offers to buy on the terms stipulated, but where the owner himself refuses to consummate the trade. *Fenn* v. *Ware*, 100 *Ga.* 563 (1) (28 S. E. 238); *Girardeau* v. *Gibson*, 122 *Ga.* 313, 314, (50 S. E. 91). In such a case, where the owner, without legal excuse, refuses to effectuate the sale, he becomes liable for the commissions; and after such a refusal it is generally not necessary that the proposed purchaser shall have made to the owner an actual tender of the purchase price. *Smith* v. *Tatum*, supra; *Winer* v. *Flournoy Realty Co.*, 27 *Ga. App.* 87 (107 S. E. 398).

3. " ' The testimony of a party who offers himself as a witness in his own behalf is to be construed most strongly against him, when it is self-contradictory, vague, or equivocal.' And unless there be other evidence tending to establish his right to recover, he ' is not entitled to a finding in his favor, if that version of his testimony the most unfavorable to him shows that the verdict should be against him.' " *Steele* v. *Central of Ga. Ry. Co.*, 123 *Ga.* 237 (1) (51 S. E. 438). And see *Southern Ry. Co.* v. *Hobbs*, 121 *Ga.* 428 (1) (49 S. E. 294); *City of Thomasville* v. *Crowell*, 22 *Ga. App.* 383, 384 (1 b) (96 S. E. 335). While the first portion of the defendant's testimony might be taken as indicating that he had a right to refuse to consummate the contract of sale with the vendee, for the reason that the vendee failed to comply with the agreed terms by making the cash payment

required by the agreement procured by the broker and accepted in writing by the owner, yet in another part of his testimony he clearly admits that such was not the case, but states that the vendee offered to make full compliance with such obligation within the time contemplated. Testing the defendant's evidence by the rule stated, he failed to sustain his defense in justification of his refusal to sell, and the court did not err in directing a verdict for the plaintiff.

DECIDED OCTOBER 7, 1921.

Complaint; from Laurens superior court — Judge Kent. January 1, 1921.

*J. S. Adams, R. Earl Camp, Hines, Hardwick & Jordan,* for plaintiff in error. *W. C. Davis,* contra.

JENKINS, P. J. The plaintiff, a real-estate broker, sued the owner of certain land for commissions on account of having produced a purchaser ready, able, and willing to buy the property listed, on the terms offered by the owner. The petition alleged that the contract for commissions was with the plaintiff. The defendant moved for a nonsuit, on the ground of a variance between plaintiff's testimony and his petition, because the plaintiff testified that, after the original employment of himself, he stated to the defendant that he would need his brother to assist in making a sale, and wanted the brother to share in the commission, and that the defendant was to pay them five per cent. After the court had overruled the motion the defendant testified that he had the trade with the plaintiff, and the plaintiff "was to pay *him* five per cent. commission on the sale," that he made the contract with plaintiff to sell this land, that all the plaintiff did was afterwards to come to him and ask him "something about his brother helping him" (plaintiff), that the defendant replied that "as far as he [defendant] was concerned," he "didn't care who" the plaintiff "got to help him sell the land," and that this was all that was said.

The evidence was undisputed that the defendant refused to execute the contract of sale. The sole issue was whether or not he was justified in such refusal on account of any non-compliance by the purchaser with the terms of the contract. The preliminary written agreement for a purchase and sale as signed by the owner and the purchaser procured by the broker fails to state specifically when the actual contract of sale should be entered upon, the bond and purchase-money notes should be delivered, and the full first payment should be made. The written

contract executed August 18, 1919, simply provided that the purchaser should pay $15,000 cash, give a note of $2,500 principal, due January 1, 1921, and 14 notes of $5,000 each, payable from January 1, 1922, to January 1, 1935, with eight per cent. interest to be paid yearly, acknowledged the receipt of $2,000 earnest money, and provided that possession should change January 1, 1920. The defendant in his plea set up that, the purchaser having failed to make the $15,000 cash payment and deliver the notes stated, he on October 20, 1919, notified the purchaser by letter that such terms must be performed by October 29, 1919, giving him seven days to meet such conditions, which was a reasonable time, 60 days having previously passed since the contract, and that the purchaser wholly failed to perform within that period. The defendant introduced this letter, and testified: "I agreed to accept the $2,000, and give Jobson 30 days in which to examine the title to the land, and the matter went on, and he never did say whether he approved of the title or not; I never did agree for him to pay $2,000 and give him until January 1st on the $13,000. I just merely extended him the 30 days in which to examine the titles to the place, and he was to let me know if he approved the title to the land, and he never did let me know. In this contract it is stipulated that $15,000 was to be paid cash. He did not pay me that much cash in accordance with the contract." As already stated, the preliminary written agreement between the defendant and the purchaser procured by the broker did not provide as to the time when the terms of purchase should be performed by the purchaser. However, the defendant, immediately following his evidence just quoted, and in his own direct examination, admitted: " This contract that was signed does not speak the truth. $15,000 was not to be paid cash, only $2,000 was to be paid cash, and $13,000 was to be paid on January 1st thereafter." There was no contradiction of the testimony of the purchaser that he had tendered to the defendant the full cash amount due and the agreed bond and notes before January 1, 1920. And the defendant further admitted that the purchaser " tendered me some money and notes and bond for title, I don't know how much money he had; this was on December 8th."

It is not necessary to add anything further to the headnotes.

*Judgment affirmed. Stephens and Hill, JJ., concur.*