### 13200.   SHEPARD *v.* CHAPPELL.

JENKINS, P. J.   1. The motion to dismiss the bill of exceptions must be overruled. While there is no assignment of error upon the judgment entered on the verdict of the plaintiff, the assignment of error upon the order and judgment directing the verdict will support the direct bill of exceptions therefrom. *McKenzie* v. *Consolidated Lumber Co.,* 142 Ga. 375, 380 (82 S. E. 1062); *Atlanta Bkg. &c. Co.* v. *Chastain,* 150 *Ga.* 640 (104 S. E. 628); *Savannah Trust Co.* v. *National Bank of Savannah,* 16 *Ga. App.* 706 (1), 718 (86 S. E. 49).

2. The question, under the pleadings and contentions of the parties, was whether or not the defendant, as testified by him, had delivered and the plaintiff had accepted the automobile for which the purchase-money notes sued upon had been given, in full and final settlement of the debt, or whether, as testified by the plaintiff, the car had been merely left with him by the defendant for repairs and to be sold by the plaintiff for the benefit of the defendant, if sufficient money could be realized to pay the indebtedness. The plaintiff offered in evidence a letter, addressed to him and admittedly signed by the defendant, written after the time of the alleged settlement, which in effect contradicted the defendant's oral testimony that a settlement had been made, and which recognized his continued liability on the notes and supported the plain-

tiff's contention that his possession of the car was merely for the purpose of making the repairs and of selling it for the defendant, subject to his prior claim. The defendant did not explain or deny having made this admission, and while in one portion of his testimony he supported the contention made by his plea, yet *in another portion of his testimony he corroborated the plaintiff's contention* and the admission made in his letter, by swearing that " the reason I gave directions to plaintiff as to what amount he might sell the car for in my letter of July 15, 1920, was that I wanted to get all out of the car that I could." The rule is applicable that the testimony of a party who offers himself as a witness in his own behalf is to be construed most strongly against him, when it is self-contradictory, vague, or equivocal. There being no other evidence in the defendant's behalf, the court properly directed a verdict for the plaintiff. *Steele* v. *Central of Ga. Ry. Co.*, 123 *Ga.* 237 (51 S. E. 438) ; *Hogan* v. *Gilbert*, 27 *Ga. App.* 444 (3) (108 S. E. 625). See also *William Hester Marble Co.* v. *Walton*, 22 *Ga. App.* 433 (4) (96 S. E. 269).    *Judgment affirmed. Stephens, J., concurs.*

DECIDED JULY 24, 1922.

Complaint; from city court of Blakely — Judge Gray. November 21, 1921.

*E. L. Smith, Lowrey Stone,* for plaintiff in error.

*John A. Fort,* contra.