13431.   MASON *v.* FARMERS COTTON OIL COMPANY.

1  A commission merchant who makes a cash sale of cottonseed comes
   within the purview of section 4126 of the Civil Code (1910), under
   which he retains title to the property " until fully paid for."

2. Such a merchant may, however, by contract with the purchaser, ex-

pressly or by necessary implication, relinquish or waive the statutory reservation of title in himself. While, therefore, in the absence of such a contract of waver, the title of the vendor "may be asserted by him even as against a bona fide purchaser from his vendee" (*Ocean Steamship Co.* v. *Southern States Naval Stores Co.*, 145 *Ga.* 798 (2), 89 S. E. 838; *Flannery* v. *Harley*, 117 *Ga.* 483, 43 S. E. 765; *Flanders* v. *Maynard*, 58 *Ga.* 56 (6); *Savannah Cotton Press Asso.* v. *MacIntyre*, 92 *Ga.* 166, 17 S. E. 1023; *National Bank of Augusta* v. *Augusta Cotton Co.*, 104 *Ga.* 403, 30 S. E. 888; *McCall* v. *Hunter*, 8 *Ga. App.* 612, 70 S. E. 59), yet, as in a case of express conditional sale, a vendor "cannot reserve the title and at the same time empower his vendee to sell," since the "authorization of a sale by his vendee is inconsistent with the reservation of title in himself, which forbids a sale." *Crenshaw* v. *Wilkes*, 134 *Ga.* 684, 687 (68 S. E. 498); *Clarke v. McNatt*, 132 *Ga.* 610 (64 S. E. 795, 26 L. R. A. (N. S.) 585); *Tucker* v. *Mann*, 124 *Ga.* 1003 (53 S. E. 504). Thus, in the instant case, where the plaintiff commission merchant, as a part of the contract of sale of cottonseed, agreed with the purchaser that the latter should sell the seed and remit the purchase price when paid therefor, and the vendee sold the seed but failed to remit the proceeds, an action of trover for the property or its value would not lie by the vendor against the defendant, who purchased the property in good faith from the vendee. See also: Civil Code (1910), § 4490; *Brice* v. *Whitehurst*, 8 *Ga. App.* 291 (68 S. E. 1075); *Georgia R. Co.* v. *Greer*, 7 *Ga. App.* 292 (4), 298 (66 S. E. 961). The court therefore did not err in directing a verdict for the defendant, and in subsequently overruling the motion for a new trial.

DECIDED FEBRUARY 7, 1923.

Trover; from city court of Americus — Judge Harper. February 25, 1922.

*Wallis & Fort, Jesse Harris,* for plaintiff.

*W. W. Dykes,* for defendant.

JENKINS, P. J. While the plaintiff vendor testified that he had sold the property to the vendee for cash, and elsewhere denied that he had agreed that the vendee might resell the cottonseed, he further testified: "He was to pay me the day the seed arrived at Americus. Mr. Walker (the vendee) told me he had them sold for cash, and that the parties were going to pay him when they were delivered; and when they paid him for the seed he would send me the money, and he was to pay me for them that day. That was my agreement with Mr. Walker." Under the rule that "the testimony of a party who offers himself as a witness in his own behalf is to be construed most strongly against him, when it is self-contradictory, vague, or equivocal" (*Hogan* v. *Gilbert*, 27 *Ga. App.* 444 (3), 108 S. E. 625, and cases cited), the plaintiff's own evidence as to the authority of the vendee to make a resale

defeated his right of recovery against the defendant, who, the uncontradicted evidence shows, was a bona fide purchaser without notice of any understanding between the plaintiff and the plaintiff's vendee.

> *Judgment affirmed. Stephens and Bell, JJ., concur.*