33250.   EAST ATLANTA BANK *v.* NICHOLSON.

DECIDED MARCH 1, 1951.   REHEARING DENIED MARCH 13, 1951.

560

*Drennan & Brannon, Howard, Tiller & Howard, John D. Humphries,* for plaintiff.

*Fraser & Shelfer,* for defendant.

MacIntyre, P. J. The jury was authorized to find that the defendant left three automobiles in the possession of Waters, a used-car dealer, under an agreement that the dealer and the defendant would, upon the sale of the automobiles, divide the profits; that the defendant is the true owner of the automobiles; that the used-car dealer, instead of selling the automobiles, executed a bill of sale to each of the automobiles in favor of the plaintiff bank to secure loans made by the bank to the dealer; that the plaintiff bank made the loans to the used-car dealer *solely* upon the representation of the dealer that he owned and was in possession of the automobiles and the officials of the bank making the loan had never seen the automobiles in question in the dealer's possession prior to making the loans; that the plaintiff bank made no investigation whatsoever of the dealer's title to the automobiles, and placed no reliance upon the dealer's apparent authority, indicia of title, possession, or upon any evidence of the right of selling the automobiles as, according to the custom of trade or the common understanding of the world, usually accompanies the authority of disposal. The jury was further authorized to find that the defendant had done nothing to mislead or deceive the plaintiff to make the loans to Waters.

Under this state of facts, which the jury was authorized to find existed, the defendant was not estopped by the provisions of Code § 37-113 from asserting his title to the automobiles, nor is the defendant divested of his title to the automobiles by virtue of the provisions of Code § 96-207. The defendant did nothing to mislead or deceive the plaintiff to make the loans to Waters. The plaintiff relied upon nothing except Waters' word in making the loans. The defendant conferred no power upon Waters which was used to inflict the injury upon the plaintiff.

The evidence, therefore, authorized the verdict. There is nothing in *Commercial Bank* v. *Armsby*, 120 *Ga.* 74 (47 S. E. 589); *Willingham* v. *McGuffie*, 18 *Ga. App.* 658 (90 S. E. 356), *Blount* v. *Bainbridge*, 79 *Ga. App.* 99 (53 S. E. 2d, .122), or *Commercial Credit Corp.* v. *Citizens & Southern National Bank*, 68 *Ga. App.* 393 (23 S. E. 2d, 198), contrary to what is here held.

The court did not err in overruling the motion for a new trial, based solely upon the general grounds.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*