## 33657. HERTZ DRIV-UR-SELF STATIONS INCORPORATED (EASTERN STATES) *v.* ARNOLD.

DECIDED NOVEMBER 21, 1951. REHEARING DENIED DECEMBER 14, 1951.

*Rache Bell,* for plaintiff in error.

*Spalding, Sibley, Troutman & Kelley, John Izard Jr.,* contra.

MacIntyre, P. J. Under the rule that the testimony of a party who offers himself as a witness in his own behalf is to be construed most strongly against him when it is self-contradictory, vague, or equivocal, the plaintiff's own evidence (including letters written by the plaintiff, which were introduced in evidence by him) as to the authority of the defendant in fi. fa. to sell the trucks, defeated his right of recovery against the claimant, who, under the facts stipulated, was a bona fide purchaser without notice of any understanding between the plaintiff, the defendant, . and the plaintiff's attorney. *Hogan* v. *Gilbert,* 27 *Ga. App.* 444 (3) (108 S. E. 625); *Mason* v. *Farmers Cotton Oil Co.,* 29 *Ga. App.* 418 (116 S. E. 123).

Briefly summarized, the oral and documentary evidence

adduced upon the trial, together with the stipulation of fact which appears in the record, show that W. B. Arnold, the plaintiff in fi. fa., lent Model Laundry Company, of which his brother, Paul Arnold, was president, $5000, to secure which the Model Laundry Company, through its president, Paul Arnold, executed a bill of sale, dated October 5, 1948, and duly recorded October 25, 1948, to certain delivery trucks upon which two named banks already held prior liens. Upon being notified by his brother that the Model Laundry Company was being pressed for payment by the bank, W. B. Arnold on December 11, 1948, wrote his brother, Paul Arnold, in part as follows: "I think you are at the place where you can't do much picking and choosing, and you have to get out the best way you can. It may cost you a lot more to rent your trucks than to own them, but if you can't meet your obligations to the banks they will close in and you *won't have any trucks,* and that may just start the trend that will put you in receivership or bankruptcy. I'd certainly try to make a quick sale and clear up what you owe the banks and me on the trucks and rent what you need till you have a chance to get back on your feet and buy your own later. Apparently you have no equity which you can afford to have tied up in truck ownership when you are fighting for mere financial survival, and getting these payments on principal eliminated right now would be more advantageous than the offsetting loss by higher rental for Hertz trucks temporarily. I wish you would do this at once. I am sending a copy of this letter to Mr. Sibley [attorney for W. B. Arnold]." On the copy of this letter which was sent to Mr. Sibley was added the following note: "I think my brother should make this sale to Hertz, and maybe you can push the thing along and get it done at once. Anything above what he owes the banks, the $5000 and interest from October 4, that he owes me, and the amount of your bill for services to me, could be turned over to him, and I imagine you as my attorney would have authority to sign a release of my interest on those provisions being met." On January 10, 1949, W. B. Arnold executed a power of attorney to Mr. Sibley which provided, in part: "Now, therefore, undersigned [W. B. Arnold] does by these presents nominate and appoint James M. Sibley . . as his duly constituted agent and attorney in fact to sell, convey

and assign all of undersigned's right, title and interest in and to any and/or all of undersigned's aforesaid trucks; and the said attorney in fact may make any and all writings, documents, or other papers necessary to effectuate the purpose expressed herein and may do any and all other things needful to be done in the premises, just as though I myself were so acting." Mr. Sibley testified that when he received the power of attorney on January 11, 1949, he telephoned Mr. Paul Arnold and informed him that he held a power of attorney which authorized him to release Mr. W. B. Arnold's lien upon the trucks, which he understood were to be sold to the claimant, Hertz Driv-Ur-Self Stations; that Mr. Paul Arnold informed him that there would not be enough money from the sale of these trucks to pay Mr. W. B. Arnold's claim, and that he replied that he had no authority to release Mr. W. B. Arnold's lien for less than the full amount due him and suggested to Mr. Paul Arnold that he telephone his brother, Mr. W. B. Arnold, to authorize Mr. Sibley to release the lien in the event Mr. W. B. Arnold wanted to accept less than the full amount of the lien. Mr. W. B. Arnold testified in his own behalf to the effect that he had authorized Mr. Sibley to sell the trucks and that he had written his brother in effect that "it might be a good idea to find a purchaser for the trucks, rather than lose them entirely." Mr. W. B. Arnold nowhere in his testimony denies that he authorized his brother to sell the trucks, and his letter to him specifically authorized and urged him to do so. Mr. W. B. Arnold's note to Mr. Sibley on that letter also stated, "I think *my brother should make this sale* to Hertz." Viewing the evidence in the case as a whole and construing the plaintiff's testimony (together with his letters) against him, we think no other conclusion can be reached than that the plaintiff specifically authorized Mr. Paul Arnold to sell the trucks. Nor we do think the fact that Mr. W. B. Arnold also, under the power of attorney, authorized Mr. Sibley to sell the trucks worked a revocation of his authority to his brother; authority to both was not inconsistent, and Mr. Sibley, according to his testimony, treated the power of attorney as empowering him to release the lien when Mr. Paul Arnold had made the sale, which was obviously in accord with Mr. W. B. Arnold's intention, as we view the evidence as a whole. The reservation,

in himself or his attorney in fact, of the power to release the lien is inconsistent with his authorization of a sale by Mr. Paul Arnold. *Crenshaw* v. *Wilkes,* 134 *Ga.* 684, 687 (68 S. E. 498); *Tucker* v. *Mann,* 124 *Ga.* 1003 (53 S. E. 504); *Clarke Bros.* v. *McNatt,* 132 *Ga.* 610 (64 S. E. 795); *Mason* v. *Farmers Cotton Oil Co.,* supra. See also in this connection *National City Bank* v. *Adams,* 30 *Ga. App.* 219 (117 S. E. 285); *Gernazian* v. *Harrison,* 66 *Ga. App.* 689 (19 S. E. 2d, 165). It follows, therefore, that when Mr. Paul Arnold, who was in possession of the trucks, sold them to the claimant, Hertz Driv-Ur-Self Stations, who had no knowledge of the conditions placed upon Mr. Paul Arnold's authority to sell, the claimant obtained the property free of the plaintiff's lien. Under the facts of this case the plaintiff could not legally prevail. *Tucker* v. *Mann, Crenshaw* v. *Wilkes,* supra; Tonnar *v.* Washington & Issaquena Bank, 140 Miss. 875 (105 So. 750). The judgment of the judge, sitting without the intervention of a jury, was unauthorized.

*Judgment reversed. Gardner and Townsend, JJ., concur.*