## 36691.   AUTOMOBILE FINANCING, INC. *v.* DOWNING MOTORS, INC.

DECIDED MAY 16, 1957.

712

*Tindall & Tindall,* for plaintiff in error.

*Ben T. Beasley, Jr.,* contra.

QUILLIAN, J. "Where one lends money to an automobile dealer and to secure the debt takes a bill of sale to an automobile which the lender expressly or by clear implication authorizes the dealer to sell in the regular course of business, the lender constitutes the dealer his agent to collect the proceeds of the sale and to account to him for the amount of the debt; and where the dealer sells the automobile to one who deals with him as a dealer, and in the due course of his business, and to one who is not guilty of participation in the fraudulent disposition of the proceeds of the sale, the lender's title is extinguished, and he cannot assert it against such purchaser, though the bill of sale to secure debt be

duly recorded." *Gernazian* v. *Harrison*, 66 *Ga. App.* 689 (19 S. E. 2d 165) ; *Commercial Credit Corp.* v. *Citizens & Southern National Bank*, 68 *Ga. App.* 393 (2) (23 S. E. 2d 198) ; *East Atlanta Bank* v. *Nicholson*, 83 *Ga. App.* 557 (63 S. E. 2d 699) ; *National City Bank of Rome* v. *Adams*, 30 *Ga. App.* 219 (117 S. E. 285).

In the present case the facts stipulated the sale was made in the "ordinary course of dealings," and it was established that it was a common practice for one automobile dealer to purchase automobiles from another at wholesale. There was no evidence that the defendant was guilty of any fraudulent disposition of the proceeds of the sale. We see no reason why the rule quoted above should not apply to sales made by one dealer to another. There was sufficient evidence to support the verdict and the general grounds are without merit.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*