### 37382. DEALERS' DISCOUNT CORPORATION *v.* TRAMMELL.

DECIDED NOVEMBER 24, 1958—REHEARING DENIED DECEMBER 5, 1958.

*Alan S. Gaynor, Bouhan, Lawrence, Williams, Levy & Mc-Alpin,* for plaintiff in error.

*David H. Fritts,* contra.

CARLISLE, Judge. This was a trover action brought by C. A. Trammell against Dealers' Discount Corporation to recover the alleged value plus hire of a certain 1956 Chevrolet automobile. The case was tried in the City Court of Savannah before a jury, and after the evidence was introduced and the judge charged the jury, a verdict was returned for the plaintiff in the amount of $1,600, plus $400 hire. The defendant made a motion for new trial on the general grounds, which was denied, and the exception here is to that judgment.

While the evidence was in conflict in some minor particulars, it did show without dispute the following material facts: One Lee Knight was in the business of selling used automobiles. He maintained a lot in a prominent location in Savannah whereon he displayed them. The defendant, Dealers' Discount Corporation, was in the business of financing dealers such as Knight, and they had financed Knight on prior occasions. Trammell, the plaintiff, purchased the 1956 Chevrolet automobile from Knight, giving him in trade and in part payment therefor another automobile. This purchase was made on August 12, 1957. Subsequently, Trammell became dissatisfied with the automobile and returned it to Knight with Knight's consent and left it on Knight's lot so that Knight could find a buyer for the automobile. The plaintiff testified that he originally bought the car on August 12, 1957, and kept it until about August 17, on which date he carried it back to Knight. He testified that his understanding with Knight was that Knight would help him sell the automobile and buy one that he would like. The plaintiff testified that the automobile stayed on Knight's lot from August 17 until about the first of September; that after the first of September he picked it up two or three times and used it, and that the longest time he kept it was four or five days; that he did not make any trips out of town during that time but just drove it around town. The plaintiff testified on cross-examination that after he returned the car to Knight's lot, Knight had the price of the car on the windshield, that he asked Mr. Knight

to put the price up there, and that there was nothing on the car to indicate that it belonged to him and not to Knight.

In the meantime the defendant in the course of its dealings with Knight advanced him $1,050 on September 6, 1957, and took a security therefor in an instrument conveying the subject automobile. The defendant's witnesses testified that in the course of their dealings with their clients, who were all automobile dealers, new or used, that they made periodic "commodity checks" of the dealers' premises to ascertain whether the automobiles on which they held liens were still on the dealers' lots. On one such occasion the evidence shows that the defendant's agents were at Knight's lot where they saw the automobile in question being driven off the lot by Knight with the plaintiff in the car and that they inquired as to whether the automobile was the property of Knight or of the plaintiff. The plaintiff testified that he told the defendant's agents on this occasion that the automobile was his, but the defendant's agent testified that the plaintiff told him that it was Knight's. In regard to this evidence, there was also some conflict as to when this took place, the defendant's agent testifying that it was about a week before they took possession of the automobile and the plaintiff testifying that it was about a month prior to the defendant's taking possession of it. The evidence shows, without dispute, that the defendant took possession of the automobile on November 14, 1957, after Knight had defaulted in his contract with him.

Viewed in the light most favorable to the plaintiff, the prevailing party, the evidence shows that the plaintiff placed the automobile in possession of Knight, a dealer in used automobiles, and permitted Knight to exhibit the automobile as if it were his, placing the customary sign on the windshield denoting its price and displaying it as if it were for sale in the regular course of his (Knight's) business; that it was so displayed on September 6, 1957, when the defendant loaned Knight money therefor and took a bill of sale to secure debt conveying the automobile, at which time the defendant had no notice of any claim asserted by the plaintiff and that in fact the defendant had no notice of any such claim until on or about October 14, 1957, more than a month after he had loaned the money and taken the bill of

sale therefor. Under such circumstances, it must be said that the plaintiff clothed Knight with all the external indicia of ownership of the automobile and with all external indicia of authority to sell it. *National City Bank of Rome* v. *Adams*, 30 *Ga. App.* 219 (117 S. E. 285); *Gernazian* v. *Harrison*, 66 *Ga. App.* 689 (19 S. E. 2d 165); *Hertz Drive-Ur-Self Stations* v. *Arnold*, 85 *Ga. App.* 175 (68 S. E. 2d 182). Under such circumstances, the principle enunciated by Code § 37-113 that where one of two innocent persons must suffer by the act of a third person, he who put it in the power of the third person to inflict the injury shall bear the loss, is applicable, and since the evidence shows that it was the plaintiff who placed the automobile in the possession of Knight and clothed him with the apparent authority to sell it and thereby enabled him to perpetrate the wrongful act of conveying it to the defendant to secure a loan of money, the plaintiff must, therefore, suffer the loss and cannot recover in this case.

The facts of this case place it squarely on all fours with the case of *Dollner, Potter & Co.* v. *Williams*, 29 *Ga.* 743 (1). In that case Hannum sold a turpentine still and fixtures to Williams. Williams left the property in the possession of Hannum and thereafter Hannum executed a mortgage to the defendant, Dollner, Potter & Co. to secure a pre-existing debt. The mortgagee foreclosed the mortgage and sold the property as the property of Hannum, the mortgagee buying it in at the sheriff's sale. Williams brought a trover action against the mortgagee and the Supreme Court held that: "If one, after selling personal property, retains possession, and subsequently, and while in possession, executes a mortgage to a third person, to secure a debt, the lien of the mortgage must prevail over the previous sale, if the mortgage was not fraudulent, and the mortgagees had no notice of the former sale at, or previous to their taking the mortgage." In the body of the opinion on page 750, the Supreme Court said: "As between Enoch Hannum and Gilbert Williams, this sale was good, and could have been enforced by Williams; but without a delivery of the property to Williams under that agreement, it was not valid as against the mortgage lien of the plaintiffs in error, Dollner, Potter & Co., which attached thereto immediately on

the execution of the mortgage, while Hannum was in possession of the same, and before the title of defendant in error had completely vested by a reduction of the property to his possession; unless the plaintiffs in error, Dollner, Potter & Co., had notice at or previously to the execution of the mortgage, of the former sale to the defendant in error, or, unless the mortgage was fraudulent; that is, not taken by Dollner, Potter & Co. in good faith for the purposes therein specified.

"To overcome this superior lien, or better right, of the plaintiffs in error to the property, it was incumbent on the defendant in error, Williams, to affirmatively show, either that Dollner, Potter & Co., had notice at the time of, or previously to the execution of the mortgage, of the former sale to Williams, or that the mortgagees took this mortgage in bad faith or fraudulently."

While in the instant case the evidence does show that there was a delivery of the automobile by Knight to the plaintiff, it further shows that the plaintiff redelivered the automobile to Knight and placed it in his hands with apparent authority to deal with it as his own. Under these circumstances, the defendant company was justified in acting upon the apparent ownership of Knight and in lending money on the automobile, and the plaintiff cannot recover its value as against the defendant company. See *Allen* v. *Dickey*, 54 *Ga. App.* 451 (188 S. E. 273).

The defendant in error relies upon *East Atlanta Bank* v. *Nicholson*, 83 *Ga. App.* 557 (63 S. E. 2d 699), and contends that the rule stated in that case is applicable to the present case. However, the facts in that case are clearly distinguishable from the facts in the instant case. There, the plaintiff's agent testified that the money which was loaned on the security of the automobile in question was loaned solely on the statement of the borrower that the automobiles were his and that he had them and that the bank made no investigation to ascertain whether the borrower did, in fact, have such automobiles or not, and that the bank did not rely on the borrower's possession or on any act of the defendant in making the loan. In the instant case, the evidence clearly shows that the defendant relied on the open and notorious possession of the automobile by the dealer which possession had been given by the plaintiff, and

further, upon the placarding of the automobile with the price tag which the plaintiff himself testified that the dealer did at his direction and request. These facts distinguish this case from the *Nicholson* case. It follows that the evidence did not authorize the verdict for the plaintiff, and the trial court erred in overruling the general grounds of the motion for new trial.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*