38009. PEOPLES LOAN & FINANCE CORPORATION
v. BELL.

DECIDED APRIL 6, 1960—REHEARING DENIED MAY 9, 1960.

*Wright, Rogers, Magruder & Hoyt, Clinton J. Morgan,* for plaintiff in error.

*Clower & Anderson, E. J. Clower,* contra.

BELL, Judge. At common law it is clear that one entrusting the possession of tangible personal property to another does not by this alone grant authority in the one given possession to transfer good title to a bona fide purchaser for value or to in any way mortgage, pledge, or encumber the property. *First Nat. Bank of Macon* v. *Charles Nelson & Co.,* 38 *Ga.* 391, 399 (95 Am. Dec. 400). It is also well established that, although authority to sell may be given in addition to possession and thus enable one engaged in retail sales to transfer a good title to a bona fide purchaser for value in a normal retail sales transaction, yet this would not of itself enable such retailer to pledge, mortgage or in any way encumber the property as against the original owner. *First Nat. Bank of Macon* v. *Charles Nelson & Co.,* 38 *Ga.* 391.

400, supra. See also, 14 A. L. R. 449 and 22 Am. Jur., Factors, §§ 51 and 54. In the present case, the car was delivered to the used car dealer, and permitted to be in his possession and on his used car lot with the dealer's authority limited to the obtaining of bids. Although the question as to whether the used car dealer could have sold the car free from the claims of the original owner to a bona fide purchaser for value in a normal retail transaction is not presented, it is evident that there was no authority in the used car dealer to mortgage, pledge, or in any way encumber the car nor was the original owner estopped to assert his rights in the property because he delivered the possession of the car and the keys to the used car dealer. Some indicia of title or some act by the original owner in addition to the mere delivery of the possession of the car and the keys must be pleaded to sufficiently allege a cause of action in a case such as this.

As the petition alleges that the defendant delivered the car and the keys to the used car dealer, and in so doing only gave him authority to obtain bids from the public to buy the car, it does not state a cause of action, nor is a cause of action stated when all of the allegations in this petition are considered.

The order of the City Court of Floyd County sustaining the general demurrer to the petition is

*Affirmed. Felton, C. J., and Nichols, J., concur.*

### On Motion for Rehearing.

The plaintiff in error, both in his brief first filed in this court and in his motion for a rehearing, relies heavily on the ruling in *Dealers Discount Corp.* v. *Trammell,* 98 *Ga. App.* 748 (106 S. E. 2d 850), which case in turn was based on that of *Dollner, Potter & Co.* v. *Williams,* 29 *Ga.* 743. Neither of these cases is material or pertinent here for the reason that each treats with the well-known and accepted sales law doctrine of retention of possession by the seller. The situation in the instant case does not concern, even remotely, this doctrine. Furthermore, the *Trammell* case shows creditable evidence that the owner of the car told the agent of the discount company at the used car lot, while the car was thereon, that the car in question belonged to the used car dealer. This in itself is sufficient for a basis of an estoppel against the owner to assert his rights in the car as against one

advancing money in reliance on the ostensible ownership of the used car dealer. The *Trammell* case, then, is in no way inconsistent with the holding of this case that mere delivery of an automobile and its keys to a used car dealer with the dealer's authority limited to the receiving of bids does not give authority to encumber the car nor does it estop the original owner from asserting his rights in the car. The *Trammell* and *Williams* cases then, have no relevancy or bearing on the decision in this case.

*Motion for rehearing denied.*