39081. MORELAND v. GENERAL FINANCE
CORPORATION OF ATLANTA, NORTHEAST *et al.*

DECIDED SEPTEMBER 22, 1961.

R. T. Bartholomew, J. Sam Plowden, for plaintiff in error.

Smith, Swift, Currie, McGhee & Hancock, Glover McGhee, contra.

NICHOLS, Judge. It is stated in the plaintiff's brief: "It is unquestioned between the parties hereto that Jim Barnett Motors, Inc., acquired lawful title to said automobile. The testimony clearly shows that Jim Barnett Motors, Inc., placed with Rebel Motors, Inc., certain automobiles including this said Lincoln automobile, and took as security therefor a bill of sale to secure debt. As shown by the testimony, in the normal course of trade in the automobile business a dealer may pass lawful title to an automobile even in the face of a bill of sale to secure debt, or a 'trust receipt' or 'floor plan' as it is referred to in the automobile business. Murray T. Evans, the president of Rebel Motors, Inc., was empowered to make such a transfer of title."

In Gernazian v. Harrison, 66 Ga. App. 689 (19 SE2d 165), it was said: "Where one lends money to an automobile dealer and to secure the debt takes a bill of sale to an automobile which the lender expressly or by clear implication authorizes the dealer to sell in the regular course of business, the lender constitutes the dealer his agent to collect the proceeds of the sale and to account to him for the amount of the debt; and where the dealer sells the automobile to one who deals with him as a dealer, and in the due course of his business, and to one who is not guilty of participation in the fraudulent disposition of the proceeds of the sale, the lender's title is extinguished, and he cannot assert it against such purchaser, though the bill of sale to secure debt be duly recorded." In Automobile Financing, Inc. v. Downing Motors, 95 Ga. App. 711 (98 SE2d 643), it was held that such sale need not be at retail but that a sale made at wholesale in the ordinary course of dealings divested the finance company of title as to the purchaser.

An examination of the above and similar cases, discloses that not all sales by the dealer divest the holder of the bills of sale to secure debt of their titles, but only sales made in the ordinary course of business where the buyer is not guilty of any fraudulent acts in the disposition of the proceeds of such sale. Accordingly, assuming arguendo that Rebel Motors, Inc., could divest Jim Barnett Motors, Inc., of its title under the above cases, the question is presented as to whether the evidence demanded a finding that the plaintiff, the buyer, was not guilty of participation in the fraudulent disposition of the proceeds of the sale. The plaintiff's bill of sale was from Rebel Motors, Inc., and according to the plaintiff's own testimony he, after giving the check in payment, accepted the endorsed check as a down payment from Evans on the purchase of the plaintiff's business by Evans. The plaintiff's evidence was silent as to whether the check was payable to Evans or Rebel Motors. If it was payable to Rebel Motors and the plaintiff accepted such check as a down payment from Evans, or if it was payable to Evans when the bill of sale was from Rebel Motors, a finding that the sale was not bona fide or that the plaintiff was guilty of participating in the fraudulent disposition of the proceeds of the sale was authorized. The finding of the trial court, hearing the case without the intervention of a jury, was authorized by the evidence, and the latter judgment overruling the plaintiff's motion for new trial on the usual general grounds only was not error.

*Judgment affirmed. Carlisle, P. J., and Eberhardt, J., concur.*