40533. FIRST NATIONAL BANK OF PAULDING COUNTY v. COOPER et al.

MARSHALL, Presiding Justice.
Buryl Cooper — under a general power of attorney from his father, Carlos Cooper — assigned to the appellant bank a certificate of deposit (C/D) of his father's to secure Buryl's personal loan. The father, Carlos, died a month later, and the executor of his will, Brent Cooper, brought this action against the bank and Buryl to enjoin the application of the C/D to Buryl's personal debt, and to release and return the C/D so that he may administer the estate of Carlos Cooper. The power of attorney gave Buryl the power to "buy, sell, mortgage, contract, hypothecate and in any way and every way and manner deal in and with goods, wares and merchandise, choses in action and other property in possession or in action, and to do every kind of business of

what nature or kind soever." The defendant bank appeals from the grant of the plaintiff-executor's motion for summary judgment.

"The first duty of an agent is that of loyalty to his trust . . . He cannot have any interest or do any act adverse to the interest of his principal, or which is incompatible with the application of his skill and diligence to the promotion of that interest. He cannot place himself in a position in which his duty and interest conflict with that of his principal, or be permitted to make a secret profit out of his agency." *Franco v. Stein Steel &c. Co.,* 227 Ga. 92, 95 (179 SE2d 88) (1970); OCGA § 10-6-25 (Code Ann. § 4-205). "Where an agent shall conspire with the other party, his principal shall not be bound thereby nor charged with knowledge of facts thus acquired by his agent." OCGA § 10-6-59 (Code Ann. § 4-310). "An agent for the sale of goods cannot, as against the owner, pledge or mortgage them to a third party, to secure advances made on his own account." *First Nat. Bank of Macon v. Charles Nelson & Co.,* 38 Ga. 391 (1) (95 Am. Dec. 400) (1868); *Peoples Loan &c. Corp. v. Bell,* 101 Ga. App. 593 (115 SE2d 218) (1960). "The principal may recover back money paid illegally or by mistake of his agent or goods wrongfully transferred by the agent, the party receiving the goods having notice of the agent's want of authority or willful misconduct." OCGA § 10-6-63 (Code Ann. § 4-314).

The portions of the power of attorney relied on by the appellant bank, quoted hereinabove, must be read in the context of the entire power of attorney, which is to be construed strictly and in light of the four corners of the document. *White v. Young,* 122 Ga. 830 (1) (51 SE 28) (1905). The clear and unambiguous purpose of the power of attorney here is to serve and benefit only the grantor of the power, Carlos Cooper. Although the powers granted to the defendant agent were broad in banking matters on behalf of the deceased, there was no authorization for the agent to use such powers on his own behalf, i.e., to secure a personal loan for himself. The defendant bank was on notice as to the extent of the power of attorney, hence was not authorized to allow the assignment of any C/D of the grantor in furtherance of the agent's personal goal of obtaining a loan for himself.

The trial court did not err in granting summary judgment for the plaintiff-executor.

*Judgment affirmed. All the Justices concur, except Smith, J., who dissents.*

DECIDED FEBRUARY 28, 1984.

*James R. Osborne,* for appellant.

*J. Fred Ivester,* for appellees.