## IN THE MATTER OF KUNIN.
(SUPREME COURT DISCIPLINARY NO. 246)

PER CURIAM.

The State Bar of Georgia filed formal complaint against Kunin contending that Kunin had received a sum of money in settlement of his client's claim, deposited it in his trust account, and thereafter paid over to himself certain sums without authorization from his client. Kunin filed an answer, denying all charges of inappropriate conduct. The state served interrogatories upon him, and took his client's deposition. In July 1982, (more than a year after this proceeding was initiated, and three years after the acts complained of) Kunin filed a request for voluntary discipline.

It is undisputed that Kunin withdrew funds belonging to his client from his trust account and applied them to his personal use, without the authorization of his client. He contends that such withdrawals were for sums owed to him by virtue of legal services performed on behalf of his client.

The Special Master submitted findings of fact in which he determined that checks in excess of $13,000 belonging to the client were deposited in Kunin's trust account; that in May and June of 1981 the client requested an accounting of the funds, and that Kunin failed to account for the money held in trust. The Special Master concluded that Kunin had violated Standard 63 of Rule 4-102 (Code Ann. Title 9 Appendix) of the Georgia Bar Rules in failing to maintain complete records and to render promptly appropriate accounting to his client, and that he had violated Standard 65 of Rule 4-102 (Code Ann. Title 9 Appendix) "in that he failed to account for trust property when requested to do so." The Special Master made no recommendation as to the form of discipline to be approved.

The State Disciplinary Board adopted the Findings of Fact and Conclusions of Law of the Special Master, and recommended that Kunin receive a private reprimand.

Upon consideration of the matter, this Court, by order, returned it to the State Disciplinary Board with direction that the record be supplemented to show whether or not Kunin had resolved all matters to the satisfaction of his client. Pursuant to that remand, the Board

supplied the affidavit of the client, the essential portion of which is as follows: "After consultation with my current attorney, I believe that my complaint against my former attorney, Joab L. Kunin, has been resolved to my satisfaction provided that the matters of the fees Attorney Kunin charged me for his services can be submitted and considered by the Fee Arbitration Section of the State Bar of Georgia pursuant to Attorney Kunin's agreement to submit to and be bound by such arbitration."

The situation here presented is, to say the least, unsatisfactory. First, Kunin's unilateral withdrawal of his client's funds — almost five years ago — has precipitated a chain of events not *yet* concluded, although his client requested an accounting almost three years ago!

Secondly, the failure of Kunin to account to his client for sums unilaterally appropriated by him has caused the creation of a record of the State Disciplinary Board consuming one hundred pages, to which is attached the deposition of the client (taken on September 30, 1982), which itself consumes 61 pages of testimony, together with 16 pages of exhibits.

Third, this opinion constitutes the *second* disposition that this Court has made of the matter — and it is unconcluded still!

1. Kunin has, without doubt, converted his client's funds. A lawyer having control over a trust account has no more right to make a unilateral disbursal of it to himself than he would to a stranger. OCGA § 15-19-14 (Code Ann. § 9-613) does not conflict with this holding, as subsection (a) thereof must be understood to authorize the application of client funds held by an attorney to the satisfaction of liquidated sums owing to the attorney. See *First Nat. Bank of Paulding County v. Cooper,* 252 Ga. 215 (312 SE2d 607) (1984).

2. We remand the case to the State Disciplinary Board with the direction that Kunin shall be suspended from the practice of law, commencing 30 days from the date hereof, which suspension shall continue until *all* sums owed have been restored to his client. Upon the acceptance by the Board of satisfactory proof that all matters in dispute relative to his failure to account to his client have been resolved by fee arbitration or by mutual agreement, and paid to the client, the suspension ordered herein shall be vacated.

*All the Justices concur, except Smith, J., who dissents.*

DECIDED MARCH 16, 1984.

*Omer W. Franklin, Jr., General Counsel State Bar, George E.*

*Hibbs, Assistant General Counsel State Bar,* for State Bar of Georgia.
*John C. Grabbe IV,* for Kunin.