METROPOLITAN LIFE INSURANCE
COMPANY, Plaintiff,

v.

Juanita R. PRICE, et al., Defendants.

Civ. A. No. 1:92–cv–948–RLV.

United States District Court,
N.D. Georgia,
Atlanta Division.

Oct. 12, 1993.

Alan Mitchell Wolper, Gary M. Lisker, Hunton & Williams, Atlanta, GA, for Metropolitan Life Ins. Co.

Dennis M. Hall, Drew Eckl & Farnham, Adam R. Gaslowitz, Office of Adam R. Gaslowitz, Atlanta, GA, for Juanita R. Price, Otto M. Price, Angela Price.

Juanita R. Price, pro se.

Warren Phillips Davis, Kenneth M. Sissel, Davis Sissel & Brown, Atlanta, GA, Robert Leake Waller, Office of Robert Leake Waller, Stone Mountain, GA, for Wanda G. Cloud, (Price).

Otto M. Price, Jr., pro se.

Angela Price, pro se.

Adam R. Gaslowitz, pro se.

### ORDER

VINING, Chief Judge.

By order dated November 24, 1992, this court granted the unopposed motion of Juanita R. Price, Angela Price, and Otto Price, Jr., to enforce a settlement agreement that has previously been entered into. By order dated December 15, 1992, this court directed, pursuant to that settlement agreement, that $52,000.00 be paid by the plaintiff to Juanita R. Price through her attorney of record, Adam R. Gaslowitz. The plaintiff paid the money to Mr. Gaslowitz.

Instead of forwarding the funds to Ms. Price, Mr. Gaslowitz deposited them in his client trust account and then, enforcing an attorney's fee lien against those funds for his unpaid services, transferred the funds to his general operating account. Ms. Price subsequently moved to vacate this court's December 15 order, and this court directed that Mr. Gaslowitz pay the $52,000.00 into the registry of the court pending a determination of the ownership of those funds. Mr. Gaslowitz did not pay the funds into court (stating that they had already been dispersed by him for office expenses, salaries, etc.) but, instead filed a motion for reconsideration. In response Ms. Price has filed a motion to strike attorney's lien, a motion for contempt, and an emergency motion for hearing on her contempt motion.

From the numerous and voluminous pleadings that have been filed with the court, it appears undisputed that Mr. Gaslowitz represented Ms. Price in various lawsuits over a two and a half year period. It is further undisputed that Mr. Gaslowitz had not been fully compensated for his services at the time that he received the $52,000.00 at issue.[1]

Under O.C.G.A. § 15–19–14(a), attorneys have a "lien on all papers and money of their clients in their possession for services rendered to them. They may retain the papers until the claims are satisfied and may apply the money to the satisfaction of the claims." "Such lien given to an attorney arises upon his employment and is perfected by the ultimate recovery of the judgment for his client. As between the attorney and other creditors of the client, it is not essential to the validity of the lien that it should be filed, or recorded, or enforced by foreclosure." *Molloy v. Hubbard,* 48 Ga.App. 820, 821, 173 S.E. 877 (1934). Thus, it appears that Mr. Gaslowitz had a valid, perfected lien on the money paid to him for his client.

The case of *In the Matter of Kunin,* 252 Ga. 310, 313 S.E.2d 697 (1984), does not require a contrary result. In that case the attorney received a settlement check, deposited it in his trust account and then disbursed funds to himself, applying them to his personal use. Although he contended that the funds were owed to him for legal services rendered, he never replied to the client's request for an accounting of the funds. The Supreme Court determined that the attorney's actions were improper and directed that he be suspended until the funds were repaid. However, in making that ruling, the Court stated:

A lawyer having control over a trust account has no more right to make a unilateral disbursal of it to himself than he would to a stranger. O.C.G.A. § 15–19–14 (Code Ann. § 9–613) does not conflict with this holding, as subsection (a) thereof must be understood to authorize the application of client funds held by and attorney to the

---

1. In none of the papers filed by Ms. Price does she dispute that she had a fee contract with Mr. Gaslowitz, nor does she contend that she raised any objections to his billing until he retained the $52,000.00 instead of paying that money to her.

satisfaction of liquidated sums owing to the attorney.

252 Ga. at 311, 313 S.E.2d 697.

■ In the instant case it appears that Mr. Gaslowitz was owed a liquidated sum of money because he had sent bills to Ms. Price, and she had not contested them. This court holds that an otherwise liquidated account for legal services cannot be rendered unliquidated by challenging the amount billed after the attorney has enforced his lien by disbursing sums from the trust account to his general operating account. Any dispute about the amount of fees owed to Mr. Gaslowitz should be considered by the State Bar of Georgia, through its Fee Arbitration Board, not by this court.

For the foregoing reasons, Mr. Gaslowitz's motion for reconsideration is GRANTED, and he will not be required to pay into court the $52,000.00 previously ordered by the court; Ms. Price's motion for reconsideration is DENIED; the motions for contempt and for emergency hearing filed by Ms. Price are DENIED.

SO ORDERED.